■ RUDOLPH E. LAPAR et al., Appellants, v MICHAEL MORRIS et al., Respondents.—In a defamation action, the plaintiffs appeal from a judgment of the Supreme Court, Dutchess County (Stolarik, J.), dated September 21, 1984, which, upon the granting of the defendants' cross motion for summary judgment, dismissed the plaintiffs' complaint.

Judgment affirmed, with costs.

The plaintiffs and the defendants are consulting engineers. In 1976 the plaintiffs entered into an agreement with the Town of Hyde Park pursuant to which the plaintiffs would conduct a preliminary study to determine the cost of acquiring and upgrading a private sewer treatment plant and water supply facility. Thereafter, the plaintiffs submitted plans and specifications for the upgrading and expansion of the facility. After the construction work was completed, problems were encountered in the operation of the plant, and the defendants were hired by the town to prepare a report regarding the design and operational characteristics of the facility.

The plaintiffs took umbrage with a number of the conclusions contained in the defendants' report and instituted the instant action.

The plaintiffs alleged that the statements were false and defamed them in their profession. Special Term found that the allegedly libelous statements were expressions of opinion and, as such, could not give rise to a cause of action to recover damages for libel. We agree, and therefore affirm.

It is settled law that "[o]pinions, false or not, libelous or not, are constitutionally protected and may not be the subject of private damage actions, provided that the facts supporting the opinions are set forth *(Buckley v Littell,* 539 F2d 882, 893, cert den 429 US 1062; Restatement, Torts 2d, § 566)" *(Rinaldi v Holt, Rinehart & Winston,* 42 NY2d 369, 380, *cert denied* 434 US 969). Whether a statement constitutes fact or opinion is a question of law for the court to decide *(see, Silsdorf v Levine,* 59 NY2d 8, *cert denied* 464 US 831; *Rinaldi v Holt, Rinehart & Winston, supra).* When making this determination, the words must be construed in the context of the publication as a whole *(see, Aronson v Wiersma,* 65 NY2d 592; *James v Gannett Co.,* 40 NY2d 415).

Here, the allegedly libelous material is prefaced by a statement that the report contains the authors' conclusions, opinions and beliefs regarding the plant's operational problems. Further, the plaintiffs failed to raise a triable issue, that the facts which are set forth in the report as the basis of thereof are themselves false *(see, Silsdorf v Levine, supra; Rand v New York Times Co.,* 75 AD2d 417).

Our review of the record leads us to the conclusion that the statements which the plaintiffs allege are defamatory are expressions of the defendants' engineering opinion, adequately supported by a statement of underlying facts, and, therefore,

not an adequate basis for a cause of action to recover damages for libel. Lazer, J. P., Niehoff, Kooper and Spatt, JJ., concur.