■ JOHN GRACE & Co., INC., Appellant, v TODD ASSOCIATES, INC., OF NEW YORK, Respondent.—In an action to recover damages, *inter alia,* for defamation and commercial disparagement, the plaintiff John Grace & Co., Inc., appeals from an order of the Supreme Court, Nassau County (Christ, J.), dated September 5, 1990, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff is a New York corporation that was awarded a contract to construct the heating, ventilating, and air-conditioning systems at a public construction project known as the Red Hook Water Pollution Control Project. The defendant is an engineering company which prepared a report finding that the plaintiff was responsible for delays at the project, result-

ing in cost overruns. As a result of the report, the City of New York charged the account of the plaintiff $712,000. The plaintiff commenced this action, claiming, in essence, that material facts in the report were omitted, rendering the report defamatory. The Supreme Court found that the report was an expression of opinion, adequately supported by reported facts, and granted the defendant's motion for summary judgment dismissing the complaint. We affirm.

In determining whether a statement expresses fact or opinion, "[t]he essential task is to decide whether the words complained of, considered in the context of the entire communication and of the circumstances in which they were spoken or written, may be reasonably understood as implying the assertion of undisclosed facts justifying the opinion" *(Steinhilber v Alphonse,* 68 NY2d 283, 290). Here, the report states that its conclusions were based on a "review and evaluation of the project documentation" and were properly found to be expressions of the defendant's engineering opinion *(see, Lapar v Morris,* 119 AD2d 635).

Under New York State law, expressions of pure opinion are not actionable. A pure opinion is a statement of opinion which is accompanied by a recitation of the facts upon which it is based or does not imply that it is based upon undisclosed facts *(see, Steinhilber v Alphonse, supra,* at 289; *Gross v New York Times Co.,* 180 AD2d 308). Here, contrary to the plaintiff's contention, the expressions of opinion in the defendant's report were adequately supported by the statement of the underlying facts *(see, Lapar v Morris, supra,* at 636). Rosenblatt, J. P., Miller, Ritter and Pizzuto, JJ., concur.