■ ANNE BRYANT et al., Respondents, v FORD KINDER et al., Appellants, et al., Defendants. [614 NYS2d 160] —In an action, inter alia, to recover damages for breach of contract, the defendants Ford Kinder and Kinder & Co., Ltd., appeal from so much of an order of the Supreme Court, Rockland County (Lefkowitz, J.), dated July 13, 1992, as granted the plaintiffs' motion to dismiss the counterclaims set forth in their verified answer.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs commenced this action, inter alia, to recover damages for the alleged breach of a business agreement

entered into with the appellants. In their answer, the appellants asserted counterclaims to recover damages for alleged slanderous statements made by the plaintiff Anne Bryant. The Supreme Court granted the plaintiffs' motion to dismiss the appellants' counterclaims. We affirm.

We agree with the Supreme Court that the alleged remarks attributed to Anne Bryant do not constitute slander per se and, in the absence of allegations of special damages, the counterclaims were properly dismissed *(see generally, Liberman v Gelstein,* 80 NY2d 429; *Aronson v Wiersma,* 65 NY2d 592; *Weinstock v Goldstein,* 190 AD2d 847). Indeed, our review of the purported remarks persuades us that they are "not reasonably susceptible of a defamatory meaning" *(Aronson v Wiersma, supra,* at 594), but instead consist of non-actionable rhetorical hyperbole or statements of personal opinion and advocacy rather than objective fact *(see generally, 600 W. 115th St. Corp. v Von Gutfeld,* 80 NY2d 130, *cert denied* — US —, 113 S Ct 2341; *Polish Am. Immigration Relief Comm. v Relax,* 189 AD2d 370; *Grace & Co. v Todd Assocs.,* 188 AD2d 585; *Golub v Esquire Publ.,* 124 AD2d 528). Our determination that the challenged remarks are not defamatory in nature renders academic the appellants' remaining contention regarding the amendment of the counterclaims to allege special damages. Thompson, J. P., Sullivan, Ritter and Friedmann, JJ., concur.