■ LARCHMONT PROFESSIONAL FIRE FIGHTERS ASSOCIATION et al., Appellants, v LARCHMONT/MAMARONECK VOLUNTEER AMBULANCE CORPS, INC., et al., Respondents. [615 NYS2d 73] —In an action to recover damages for defamation, the plaintiffs appeal from so much of two orders of the Supreme Court, Westchester County (Donovan, J.), both dated December 23, 1992, as granted the respective motions of the defendants to dismiss the complaint for failure to state a cause of action.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiffs commenced this action to recover damages for defamation arising from an allegedly defamatory newspaper article published by a newspaper owned by the defendant Westchester Rockland Newspapers Inc., the Daily Times, and from certain allegedly defamatory letters to the editor of the Daily Times which commented on the article. The article described certain charges filed against the defendant Marc Burrell, a paid firefighter of the City of New Rochelle, who also volunteered his services to the Larchmont-Mamaroneck Volunteer Ambulance Corps and the Town of Mamaroneck's volunteer firefighters, in violation of a union stricture prohibiting such volunteering. In the article Burrell stated that the charges brought against him by his union were in retaliation for a complaint he filed that the emergency medical workers from the Larchmont Fire Department were slow in calling for the Volunteer Ambulance Corps. He referred to the union's action as "sour grapes", and stated that his volunteer work

was common knowledge for all of the seven years during which he had been a paid firefighter. The letters to the editor supported and commended Burrell for his volunteering of his services and were generally critical of the union for bringing charges against and unfairly prosecuting Burrell.

Our review of the statements both in the newspaper article and in the five letters convinces us that they were not reasonably susceptible of a defamatory meaning, but rather constituted protected opinion and rhetorical hyperbole rather than objective fact, and thus were constitutionally protected *(see generally, Immuno AG. v Moor-Jankowski,* 77 NY2d 235, 243, *cert denied* 500 US 954). Under the New York State Constitution, expressions of pure opinion are afforded greater protection than under the Federal Constitution. A pure opinion is a statement of opinion which is accompanied by a recitation of the facts upon which it is based or does not imply that it is based upon undisclosed facts *(see, Steinhilber v Alphonse,* 68 NY2d 283, 289). Here, contrary to the plaintiffs' contention, the expressions of opinion in the newspaper article and the letters to the editor were adequately supported by the statement of the underlying facts, and did not imply that they were based on undisclosed facts *(see, Steinhilber v Alphonse, supra,* at 289).

In view of this determination, we do not reach the other issue raised by the plaintiffs, which is effectively rendered academic. Sullivan, J. P., Lawrence, Pizzuto and Friedmann, JJ., concur.