■ STEPHEN GUARNERI, Respondent, v KOREA NEWS, INC., et al., Appellants. [625 NYS2d 291] —In an action to recover damages for libel, the defendants separately appeal from an order of the Supreme Court, Nassau County (Salidino, J.), dated June 7, 1993, which denied their separate motions pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action or, in the alternative, for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the defendants' motions for summary judgment are granted, and the complaint is dismissed.

On April 28, 1992, Stephen Guarneri, an attorney, commenced this libel action against the defendants Korea News, Inc., and Korea Central Daily News, Inc. (hereinafter the defendants), to recover damages based on allegedly defamatory statements made in three newspaper articles published by the defendants. The articles stated that the plaintiff was dismissed as the attorney on a criminal appeal because he was considered by various sources as well as the newspaper to have been unprepared and negligent, and that he lost an opportunity to appeal despite having been granted two extensions to do so. The articles also stated that the attorneys who were hired to replace the plaintiff would pursue the appeal.

Our review of the statements in the three newspaper arti-

cles convinces us that the statements challenged were not reasonably susceptible of a defamatory meaning, but rather constituted pure opinion and thus were constitutionally protected *(see generally, Steinhilber v Alphonse,* 68 NY2d 283, 290; *Immuno AG. v Moor-Jankowski,* 77 NY2d 235, 243, *cert denied* 500 US 954). Under the New York State Constitution, expressions of pure opinion are afforded greater protection than under the Federal Constitution. A pure opinion is a statement of opinion which is accompanied by a recitation of the facts upon which it is based or does not imply that it is based upon undisclosed facts *(see, Steinhilber v Alphonse,* 68 NY2d 283, 289, *supra).* Here, contrary to the plaintiff's contention, the expressions of opinion in the newspaper article were adequately supported by the statement of the underlying facts, and did not imply that they were based on undisclosed facts *(see, Steinhilber v Alphonse, supra,* at 289).

Moreover, the newspaper articles were substantially true as to the basic facts that the plaintiff was dismissed as the attorney on the criminal case after he failed to file an appellate brief and was denied a third extension to do so. Therefore, since truth is an absolute bar to a libel action, the defendants' motion for summary judgment dismissing the complaint should have been granted *(see, Rinaldi v Holt, Rinehart & Winston,* 42 NY2d 369, *cert denied* 434 US 969; *Kraus v Brandstetter,* 167 AD2d 445, 447). Rosenblatt, J. P., Miller, Thompson and Santucci, JJ., concur.