■ ROSETTE ANSORIAN, Appellant, v MARC ZIMMERMAN et al., Respondents. [627 NYS2d 706] —In an action to recover damages for defamation, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Rockland County (Meehan, J.), dated November 22, 1993, as granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, a high school French teacher, brought this defamation action against her student, Vanessa Zimmerman, and her parents, Marc and Sandra Zimmerman, based on written and oral statements in which they charged, in essence, that the plaintiff was incompetent, and requested that the plaintiff be replaced as Vanessa's French teacher. Our review of these statements convinces us that they were not reasonably susceptible of a defamatory meaning, and constituted personal opinion and rhetorical hyperbole rather than objective fact. Thus, the challenged statements were constitutionally protected *(see generally, Immuno AG. v Moor-Jankowski,* 77 NY2d 235, 243, *cert denied* 500 US 954). Expressions of pure opinion are afforded greater protection under the New York State Constitution than under the Federal Constitution. Pure opinion is defined as a statement of opinion which is accompanied by a recitation of the facts upon which it is based or does not imply that it is based upon undisclosed facts *(see, Steinhilber v Alphonse,* 68 NY2d 283, 289). Here, contrary to the plaintiff's contention, the expressions of opinion in the challenged statements were sufficiently supported by a recitation of the underlying facts *(see, Steinhilber v Alphonse, supra,* at 289). Balletta, J. P., O'Brien, Thompson and Hart, JJ., concur.