■ George C. Albano, Appellant, v Kenneth B. Sylvester et al., Respondents. [635 NYS2d 55] —In an action to recover damages for defamation, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Silverman, J.), entered August 24, 1994, which granted the defendants' motion for summary judgment dismissing the complaint, and (2) a judgment of the same court, entered September 6, 1994, upon the order.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondents, appearing separately and filing separate briefs, are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment *(see,* CPLR 5501 [a] [1]).

The plaintiff, George Albano, the principal of an elementary school, commenced this action to recover damages arising out of allegedly defamatory statements that the defendant Kenneth B. Sylvester, a trustee of the School District of the City of Mount Vernon, made to a reporter which subsequently appeared in a newspaper article. The plaintiff also challenged as defamatory the statements that Sylvester made in a letter which was published in the same newspaper as a full-page advertisement. The statements characterized Albano's transfer of two six-year-old children from his elementary school to another school by transporting them to the other school without first contacting the mother of the boys as a "cruel" and "inhumane" act. In the article Sylvester is quoted as stating that the children's removal was "one of the most inhumane things I've ever heard happening in our school district".

Our review of the statements convinces us that they were not reasonably susceptible of a defamatory meaning, but rather constituted personal opinion and rhetorical hyperbole rather than objective fact, and thus were constitutionally protected *(see generally, Immuno AG. v Moor-Jankowski,* 77 NY2d 235, 243, *cert denied* 500 US 954). Ritter, J. P., Altman, Friedmann and Florio, JJ., concur.