■ MICHAEL SHINN, Respondent, et al., Plaintiff, v LISA WILLIAMSON, Also Known as SISTER SOULJAH, Defendant, and SONY MUSIC ENTERTAINMENT, INC., Appellant. [639 NYS2d 105]

The subject of this appeal is the fifth cause of action in the complaint brought by the plaintiff Michael Shinn against Sony Music Entertainment, Inc. (hereinafter Sony), to recover damages for libel. Shinn alleges that his reputation as a professional songwriter and producer in the music industry was harmed as a result of the publication by Sony of a jacket cover to a record album by rap artist Lisa Williamson, a/k/a "Sister Souljah", which referred to Shinn, along with two other unrelated named individuals, on an acknowledgment page as "Two-Faced Backstabbers".

The Supreme Court declined to dismiss the cause of action against Sony sounding in libel, holding that the challenged

statement "Two-Faced Backstabber" was reasonably susceptible of a defamatory connotation, and thus that it was the jury's function to determine whether the statement libeled Shinn.

Our review of the challenged phrase convinces us that it was not reasonably susceptible of a defamatory meaning, but rather constituted personal opinion and rhetorical hyperbole rather than objective fact, and thus was constitutionally protected *(see generally, Immuno AG. v Moor-Jankowski,* 77 NY2d 235, 254, *cert denied* 500 US 954; *Larchmont Professional Fire Fighters Assn. v Larchmont/Mamaroneck Volunteer Ambulance Corps.,* 206 AD2d 507, 508).

We further note that the challenged phrase constituted protected pure opinion, which is an opinion either accompanied by a recitation of the facts upon which it is based or, as in the instant case, is an opinion which does not imply that it is based on undisclosed facts *(see, Gross v New York Times Co.,* 82 NY2d 146, 153-154; *Steinhilber v Alphonse,* 68 NY2d 283, 289). Balletta, J. P., Joy, Krausman and Florio, JJ., concur.