■ CHARLES F. HOWLETT, Appellant, v JONATHAN D. BLOOM, Respondent. [657 NYS2d 433] —In an action to recover damages, *inter alia,* for defamation, injurious falsehood, tortious interference with contract, prima facie tort, and intentional infliction of emotional distress, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Kitson, J.), dated May 16, 1996, which granted the defendant's renewed motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

Upon receiving a flyer announcing the forthcoming publication of the plaintiff's book about the Brookwood Labor College, the defendant sent two letters to the Edwin Mellen Press (hereinafter EMP). In both letters, which were substantially identical, the defendant advised that a previous effort by the plaintiff to publish a book in 1989 on the same subject matter had been unsuccessful because the defendant had lodged a complaint challenging the plaintiff's work as plagiarizing the defendant's original works. The defendant detailed the plaintiff's history of plagiarism and advised that the publisher which had agreed to publish the plaintiff's work in 1989 ultimately declined to do so after the plaintiff was officially found to have plagiarized the defendant's work and the work of other authors by the American Historical Association. Finally, the defendant indicated his "distress" upon learning of the plaintiff's continuing efforts to publish the "tainted" manuscript and offered to provide further information to support his assertions regarding the history of the plaintiff's manuscript. Thereafter, the plaintiff brought the instant defamation action against the defendant alleging that the defendant's two letters contained false and defamatory statements about him and his new manuscript and

that, as a result, the publication of his book was delayed from November 1992 until June 1993.

The Supreme Court properly dismissed the complaint. The defendant's statement that the plaintiff's article was "tainted" constituted pure opinion, which is an opinion either accompanied by a recitation of the facts upon which it is based or an opinion which does not imply that it is based on undisclosed facts *(see, Ansorian v Zimmerman,* 215 AD2d 614, 615; *Guarneri v Korea News,* 214 AD2d 649, 650; *see also, Gross v New York Times Co.,* 82 NY2d 146, 153-154; *Steinhilber v Alphonse,* 68 NY2d 283, 289). Thus, the dismissal of the plaintiff's defamation cause of action was proper *(see, Grace & Co. v Todd Assocs.,* 188 AD2d 585, 586).

The plaintiff's remaining claims of injurious falsehood, tortious interference with contract, prima facie tort, and intentional infliction of emotional distress are without merit *(see, Bell v Slepakoff,* 224 AD2d 567; *Gelmin v Quicke,* 224 AD2d 481; *Chime v Sicuranza,* 221 AD2d 401, 403; *Ruggiero v Contemporary Shells,* 160 AD2d 986, 987; *Sun Ref. & Mktg. Co. v McInerney,* 139 AD2d 505, 506; *L.W.C. Agency v St. Paul Fire & Mar. Ins. Co.,* 125 AD2d 371, 373). Bracken, J. P., Ritter, Sullivan and Pizzuto, JJ., concur.