OPINION OF THE COURT
Harold Tompkins, J.
A person is seeking an enormous sum of money for claims that the New York State courts have rejected for decades. This could be the plot for an episode in a situation comedy. Instead, it is the case brought by plaintiff Michael Costanza who is suing the comedian, Jerry Seinfeld, Larry David (who was the co-creator of the television program Seinfeld), the National Broadcasting Company, Inc. and the production companies for $100 million. He is seeking relief for violation of New York’s Civil Rights Law §§ 50 and 51, being cast in a false light, invasion of privacy and defamation.
plaintiff’s contentions
The substantive assertions of the complaint are that the defendants used the name and likeness of plaintiff Michael Costanza without his permission, that they invaded his privacy, that he was portrayed in a negative, humiliating light and that he was defamed by defendant Larry David when reports were published by a spokesman that plaintiff Michael *564 Costanza had a tenuous connection and was a “flagrant opportunist” seeking to cash in when the hyperbole of the Seinfeld program’s final episode was at its peak. Plaintiff Michael Costanza asserts that the fictional character of George Costanza in the television program Seinfield is based upon him. In the show, George Costanza is a long-time friend of the lead character, Jerry Seinfeld. He is constantly having problems with poor employment situations, disastrous romantic relationships, conflicts with his parents and general self-absorption.
These aspects are part of the comedic interplay with Jerry Seinfeld and the other actors[1] that lead to the great success of the television show Seinfeld. Plaintiff Michael Costanza points to various similarities between himself and the character George Costanza to bolster his claim that his name and likeness are being appropriated. He claims that, like him, George Costanza is short, fat, bald, that he knew Jerry Seinfeld from college purportedly as the character George Costanza did and they both came from Queens. Plaintiff Michael Costanza asserts that the self-centered nature and unreliability of the character George Costanza are attributed to him and this humiliates him.
FALSE LIGHT AND PRIVACY
The issues in this case come before the court in the context of a preanswer motion to dismiss. At this stage of a legal proceeding, the court must read the allegations of the complaint as true and give them every favorable inference (see, Arrington v New York Times Co., 55 NY2d 433 [1982]). Even under this exceedingly favorable standard, plaintiff Michael Costanza’s claims for being placed in a false light and invasion of privacy must be dismissed. They cannot stand because New York law does not and never has allowed a common-law claim for invasion of privacy (see, Howell v New York Post Co., 81 NY2d 115 [1993]; Freihofer v Hearst Corp., 65 NY2d 135 [1985]). As the New York Court of Appeals explained,
“While legal scholarship has been influential in the development of a tort for intentional infliction of emotional distress, it has had less success in the development of a right to privacy in this State. In a famous law review article written more than a century ago, Samuel Warren and Louis Brandéis advocated a *565 tort for invasion of the right to privacy (Warren and Brandéis, The Right to Privacy, 4 Harv L Rev 193 [1890]). Relying in part on this article, Abigail Marie Roberson sued a flour company for using her picture, without consent, in the advertisement of its product (Roberson v Rochester Folding Box Co., 171 NY 538). Finding a lack of support for the thesis of the Warren-Brandeis study, this Court, in a four to three decision, rejected plaintiffs claim.
“The Roberson decision was roundly criticized (see, Saveli, Right of Privacy-Appropriation of a Person’s Name, Portrait, or Picture for Advertising or Trade Purposes Without Prior Written Consent: History and Scope in New York [‘Right of Privacy-Appropriation’], 48 Alb L Rev 1, 11-12 [collecting articles]). The Legislature responded by enacting the Nation’s first statutory right to privacy (L 1903, ch 132), now codified as sections 50 and 51 of the Civil Rights Law. Section 50 prohibits the use of a living person’s name, portrait or picture for ‘advertising’ or ‘trade’ purposes without prior written consent (Civil Rights Law § 50). Section 50 provides criminal penalties and section 51 a private right of action for damages and injunctive relief.” (Howell v New York Post Co., at 122-123.)
In New York State, there is no common-law right to privacy (see, Freihofer v Hearst Corp., at 140) and any relief must be sought under the statute (Civil Rights Law §§ 50, 51).
CIVIL RIGHTS LAW §§ 50, 51
The court now turns to the assertion that plaintiff Michael Costanza’s name and likeness are being appropriated without his written consent. This claim faces several separate obstacles. First, defendants assert that plaintiff Michael Costanza has waived any claim by appearing on the show.[2] The statute clearly provides that written consent is necessary for use of a person’s name or likeness (see, Kane v Orange County Pubis., 232 AD2d 526 [2d Dept 1996]). However, defendants note the limited nature of the relief provided by Civil Rights Law §§ 50 and 51. It extends only to the use of a name or likeness for trade or advertising (see, Freihofer v Hearst Corp., at 140). The sort of commercial exploitation prohibited and compensable if violated is solicitation for patronage (see, Delan v CBS, Inc., 91 AD2d 255 [2d Dept 1983]). In a case similar to this lawsuit involving the play “Six Degrees of Separation”, it *566 was held that “works of fiction and satire do not fall within the narrow scope of the statutory phrases ‘advertising’ and ‘trade’ ” (Hampton v Guare, 195 AD2d 366 [1st Dept 1993]). The Seinfeld television program was a fictional comedic presentation. It does not fall within the scope of trade or advertising (see, Freihofer v Hearst Corp., supra; Hampton v Guare, supra).
Plaintiff Michael Costanza’s claim for violation of Civil Rights Law §§ 50 and 51 must be dismissed. Additionally, plaintiff Michael Costanza’s claim under Civil Rights Law §§ 50 and 51 is barred by the Statute of Limitations. This type of case must be brought within one year of when a person learns of the improper use of his name or likeness (see, Castel v Sherlock Corp., 159 AD2d 233 [1st Dept 1990]).
DEFAMATION
Plaintiff Michael Costanza’s final claim involves the reports that defendant Larry David or individuals on his behalf stated that he was a “flagrant opportunist who barely knew Jerry (Seinfeld) less than a year.” An exhibit to the defendants’ moving papers is a copy of a book by plaintiff Michael Costanza entitled “The Real Seinfeld”. The book was published at the time of the final episode of the show Seinfeld. The use of the phrase “flagrant opportunist” in the context of the circumstances under which it was uttered is a statement of opinion (see, Shinn v Williamson, 225 AD2d 605 [2d Dept 1996]). This claim of defamation is also dismissed.[3]
Finally, defendants seek sanctions against plaintiff for pursuing a frivolous lawsuit. A frivolous lawsuit is one for which there is no genuine basis either in law or fact, or good-faith argument for a change in the law (see, Matter of Minister, Elders & Deacons of Refm. Prot. Dutch Church v 198 Broadway, 76 NY2d 411 [1990]; Matter of Winters v Gould, 143 Misc 2d 44 [Sup Ct, NY County 1989]). In this regard, defendants placed plaintiff Michael Costanza on notice of the lack of any merit by writing to his lawyer citing the legal authority that barred this action prior to seeking dismissal of the lawsuit. At oral argument, the court also noted in particular the long-standing New York law that barred claims for invasion of privacy and being placed in a false light. While plaintiff’s attorney stated that he wanted to make new law and that “all of these claims are well *567 founded”, the court finds rather that plaintiff Michael Costanza and his attorney wanted to ignore New York’s law on commercial misappropriation of a person’s name and likeness and defamation, that none of the claims were well founded and the institution of this action as well as its continuation have been without any basis in law or fact or any reasonable argument for a change or modification of the law, and that sanctions are appropriate. Essentially, plaintiff was informed that his case was based on nothing. While a program about nothing can be successful, a lawsuit must have more substance. The court awards sanctions in the sum of $2,500 each against plaintiff Michael Costanza and his attorney.
A copy of this decision has been faxed to counsel for plaintiff Michael Costanza and defendants.[4] The court will not entertain any application for reargument, review or stay and any such relief should be sought through the appellate process.

. The misappropriation of comedic ideas in the context of a Seinfeld episode was the issue in Leifer v Castle Rock Tel. (NYLJ, July 2, 1997, at 29, col 2 [Sup Ct, NY County]).

. While there is an exception for newsworthy events or matters of public interest, this exception is not relevant to this case.

. Defendants Larry David and Shapiro/West also assert that there is no jurisdiction over them due to their lack of connection to New York State. In light of the court’s dismissal of this action on other grounds, it is not necessary to reach this issue.

. The court notes that a letter from Michael Costanza was received on June 11, 1999. This ex parte communication (submitted without notifying either his own or opposing counsel) was not considered by the court. It was returned to plaintiff’s counsel with instructions to direct his client not to contact the court. A copy of the ex parte letter was sent by the court to defendants’ counsel.