■ MICHAEL COSTANZA, Appellant, v JERRY SEINFELD et al., Respondents. [719 NYS2d 29] —Order and judgment, Supreme Court, New York County (Harold Tompkins, J.), entered August 18, 1999 and September 15, 1999, respectively, granting defendants' motion to dismiss the complaint, and imposing sanctions on plaintiff and his attorney in the amount of $2,500 each for the bringing of a frivolous action, unanimously modified, on the law, the facts and in the exercise of discretion, to the extent of vacating the sanctions, and otherwise affirmed, without costs.

In this action based on plaintiff's claim that defendants "used the name, likeness and persona of the Plaintiff to create the character of George Costanza" for the Seinfeld television program, the court (181 Misc 2d 562) properly dismissed plaintiff's invasion of privacy and Civil Rights Law causes of action. New York places claims for invasion of privacy exclusively within the domain of Civil Rights Law §§ 50 and 51 (*see, Messenger v Gruner & Jahr Print. & Publ.*, 94 NY2d 436, 441; *Howell v New York Post Co.*, 81 NY2d 115, 122-123), and plaintiff does not contest that principle on appeal. Plaintiff's Civil Rights Law causes of action must fail because defendants did not use plaintiff's "name, portrait or picture" within the meaning of those statutes (*Wojtowicz v Delacorte Press*, 43 NY2d 858, *affg* 58 AD2d 45). It is undisputed that defendants have never used plaintiff's actual name, or filmed plaintiff himself or made use of a photograph of plaintiff, in any form, except during a Seinfeld episode in which plaintiff appeared briefly as an actor; the similarity of last names between plaintiff and the fictional character is not cognizable under the statute (*People ex rel. Maggio v Charles Scribner's Sons*, 205 Misc 818).

Moreover, works of fiction do not fall within the narrow scope of the statutory definitions of "advertising" or "trade" (*Hampton v Guare*, 195 AD2d 366, *lv denied* 82 NY2d 659). The alleged "commercial" use of the character in advertising was incidental or ancillary to the permitted use (*see, Velez v VV Publ. Corp.*, 135 AD2d 47, *lv denied* 72 NY2d 808; *Namath v Sports Illustrated*, 48 AD2d 487, *affd* 39 NY2d 897; *Booth v Curtis Publ. Co.*, 15 AD2d 343, *affd* 11 NY2d 907).

Furthermore, these causes of action are time-barred, because the one-year Statute of Limitations (CPLR 215) ran from the inception of the Seinfeld program in 1989. We reject plaintiff's argument that the Statute of Limitations ran anew with the

airing of each episode featuring the George Costanza character (*see, Sporn v MCA Records,* 58 NY2d 482).

Plaintiff's defamation claim against defendant Larry David was also properly dismissed. In the context of being asked what he thought of a book written by plaintiff in which plaintiff sets forth his relationship with Jerry Seinfeld and claims to be the "real" George Costanza, defendant David allegedly replied that plaintiff was a "flagrant opportunist" and that plaintiff had greatly exaggerated his relationship with Seinfeld. These purported statements clearly constituted the expression of opinion, which is not actionable (*see, 600 W. 115th St. Corp. v Von Gutfeld,* 80 NY2d 130, 139).

Although we agree with defendants that plaintiff's lawsuit warranted dismissal, we reach the opposite conclusion with respect to defendants' claim that it warranted sanctions. We do not find that there was anything wrongful about the commencement or continuation of this action, which was brought in good faith and was not frivolous (*see,* 22 NYCRR 130-1.1 [c]). Although plaintiff's arguments are not persuasive, they constitute reasonable invitations to the motion court and this Court to extend existing law to an unusual fact pattern (*see, LaRussa v LaRussa,* 232 AD2d 297; *Bozer v Higgins,* 204 AD2d 979; *see also, Parks v Leahey & Johnson,* 81 NY2d 161, 165). Thus, the sanctions against plaintiff and his counsel are vacated. Concur—Rosenberger, J. P., Tom, Wallach, Rubin and Saxe, JJ. [*See,* 181 Misc 2d 562.]