■ GJEK GJONLEKAJ et al., Appellants, v BOTA SOT et al., Respondents. [764 NYS2d 278] —In an action to recover damages for libel, the plaintiffs appeal from an order of the Supreme

Court, Westchester County (Lefkowitz, J.), entered April 16, 2002, which granted the motion of the defendant Leke Gojcaj, in effect, pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against him for failure to state a cause of action, and denied their cross motion for summary judgment on the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the motion and substituting a provision therefor denying the motion; as so modified, the order is affirmed, without costs or disbursements, and the complaint is reinstated insofar as asserted against the defendant Leke Gojcaj.

The plaintiff Gjek Gjonlekaj (hereinafter Gjonlekaj) and his publishing company, Gjonlekaj Publishing Company, commenced this action to recover damages for allegedly libelous statements made in an article written by the defendant Leke Gojcaj (hereinafter Gojcaj) and published in the defendants' Albanian language newspaper, Bota Sot. Gojcaj wrote the subject article in response to certain comments that Gjonlekaj made which were published in another Albanian newspaper named The Illyria. The Illyria article indicated that Gjonlekaj claimed sole credit for conceiving and effectuating the idea for publishing an Albanian translation of a book written by Pope John Paul II (hereinafter the book).

However, Gojcaj claimed in the subject article that it was his initial idea to publish an Albanian translation of the book, and that he had approached Gjonlekaj with such idea. The article characterized Gjonlekaj, inter alia, as a "leftist bookseller," who was "actually dealing with Enver Hoxha's books and communist propaganda in Albania" and who makes "propaganda for leftists as well as persons of high moral character such as His Holiness." Enver Hoxha was the communist dictator of Albania from the 1940's until his death in 1985.

The article also stated, inter alia, that "many of the newly arrived Albanians don't know his background, but to many of us who know [Gjonlekaj] very well he is a representative of the Marxist ideology. The same ideology that destroyed the Albanian spirit during a half century of red terror." In addition, the article questioned Gjonlekaj's four-year delay in publishing the book by asking: "[w]as this four year delay out of respect for the Pope, or out of his greed for money and his desire to cheat his compatriots who were constantly ready to help him out?" Further, the article disputed Gjonlekaj's claims of being a former reporter at the Voice of America and maintained that he was only an interpreter there.

The plaintiffs alleged that the article was "false, malicious, defamatory and libelous per se," and quoted from certain portions of the article, which was annexed to the complaint. Gojcaj moved, in effect, pursuant to CPLR 3211 (a) (7), to dismiss the complaint insofar as asserted against him for failure to state a cause of action to recover damages for libel per se. The plaintiffs cross-moved for summary judgment on the ground that the complaint set forth a cause of action for libel per se. The Supreme Court granted Gojcaj's motion and denied the plaintiffs' cross motion.

It is well settled that on a motion to dismiss pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the pleading is to be liberally construed, accepting all the facts as alleged in the pleading to be true and according the plaintiff the benefit of every possible inference (*see Leon v Martinez,* 84 NY2d 83, 87 [1994]).

Whether particular words are reasonably susceptible of a defamatory meaning is to be resolved by the court in the first instance (*see Golub v Enquirer/Star Group,* 89 NY2d 1074 [1997]; *600 W. 115th St. Corp. v Von Gutfeld,* 80 NY2d 130, 139 [1992], *cert denied* 508 US 910 [1993]; *Steinhilber v Alphonse,* 68 NY2d 283, 290 [1986]; *Miness v Alter,* 262 AD2d 374 [1999]). For a specialized audience, the statement's defamatory meaning is to be judged by the average and ordinary reader "acquainted with the parties and the subject-matter" (*November v Time Inc.,* 13 NY2d 175, 179 [1963] [internal quotation marks omitted]; *see Cassidy v Gannett Co.,* 173 Misc 634, 640 [1940]; *see also Celle v Filipino Reporter Enters.,* 209 F3d 163, 177 [2000]). The court must look at the content of the whole communication, its tone and apparent purpose, to determine whether a reasonable person would view it as conveying any facts about the plaintiff (*see Brian v Richardson,* 87 NY2d 46, 51 [1995]; *Gross v New York Times Co.,* 82 NY2d 146, 152-153 [1993]; *600 W. 115th St. Corp. v Von Gutfeld, supra* at 145; *Miness v Alter, supra*).

A defamatory statement is libelous per se, and a plaintiff need not plead or prove special damages, if the statement "tends to expose the plaintiff to public contempt, ridicule, aversion or disgrace, or induce an evil opinion of him in the minds of right-thinking persons, and to deprive him of their friendly intercourse in society" (*Rinaldi v Holt, Rinehart & Winston,* 42 NY2d 369, 379 [1977] [internal quotation marks omitted], *cert denied* 434 US 969 [1977]; *see Sydney v MacFadden Newspaper Publ. Corp.,* 242 NY 208, 211-212 [1926]). In addition, a defamatory statement is libelous per se if it imputes fraud, dishon-

esty, misconduct, or unfitness in conducting one's profession (*see Gatz v Otis Ford*, 262 AD2d 280 [1999]; *Wasserman v Haller*, 216 AD2d 289 [1995]).

The issue of distinguishing between actionable fact and non-actionable opinion is a question of law for the court (*see Millus v Newsday, Inc.*, 89 NY2d 840, 842 [1996], *cert denied* 520 US 1144 [1997]; *Steinhilber v Alphonse, supra*).

Contrary to the plaintiffs' contention, the Supreme Court properly denied their cross motion for summary judgment since they failed to establish their entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

However, the Supreme Court erred in granting Gojcaj's motion to dismiss the complaint insofar as asserted against him for failure to state a cause of action. While certain challenged statements in the complaint appear to be non-actionable opinion and rhetorical hyperbole (*see Brian v Richardson, supra; Gross v New York Times Co., supra; 600 W. 115th St. Corp. v Von Gutfeld, supra; Steinhilber v Alphonse, supra*), the plaintiffs sufficiently set forth certain statements of mixed fact and opinion, which are actionable (*see Steinhilber v Alphonse, supra* at 289). In particular, statements such as Gjonlekaj was "actually dealing with Enver Hoxha's books and communist propaganda in Albania" that "many of the newly arrived Albanians don't know his background, but to many of us who know [plaintiff] very well he is a representative of the Marxist ideology" and that "[t]he same ideology that destroyed the Albanian spirit during a half century of red terror," may subject the plaintiffs to public humiliation in the minds of the intended audience. Such statements imply that Gojcaj had knowledge of certain facts not known to his audience which support his opinion regarding the plaintiffs (*see Steinhilber v Alphonse, supra* at 289), particularly where the target audience of the subject article are persons of Albanian descent, who presumably have knowledge about the history of Albania in the past century (*see Hinsdale v Orange County Publs.*, 17 NY2d 284, 289-291 [1966]).

Since on Gojcaj's motion to dismiss the court was limited to the issue of whether the complaint stated a cause of action, the Supreme Court erred in granting the motion. Accordingly, we reinstate the complaint insofar as asserted against that defendant. Florio, J.P., Luciano, Schmidt and Cozier, JJ., concur.