■ JOSEPH N. MONDELLO, Appellant, v NEWSDAY, INC., Respondent. [774 NYS2d 794]—

In an action to recover damages for libel and trespass, the plaintiff appeals from a judgment of the Supreme Court, Suffolk

County (Jones, J.), entered April 21, 2003, which, upon an order of the same court dated March 13, 2003, granting the defendant's motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action, dismissed the complaint.

Ordered that the judgment is modified, on the law, by deleting the provision thereof dismissing the second cause of action; as so modified, the judgment is affirmed, without costs or disbursements, that branch of the motion which was to dismiss the second cause of action is denied, the second cause of action is reinstated and severed, and the order is modified accordingly.

Whether particular words are reasonably capable of being read as defamatory is a threshold question of law to be determined by the court (see James v Gannett Co., 40 NY2d 415, 419 [1976]). In order to determine whether the headline of a concededly truthful article is actionable as a libel, the court must initially determine whether the headline was a fair index of the article with which it appears; if it was, then the headline is not actionable (see Schermerhorn v Rosenberg, 73 AD2d 276, 286-287 [1980]). Contrary to the plaintiff's contentions, the front page headline in this case constituted a fair index of the concededly accurate article with which it appeared.

The Supreme Court, however, erred in granting that branch of the motion which was to dismiss the plaintiff's trespass cause of action on the ground that he failed to allege any damages that stemmed directly from the trespass itself. Even without pleading actual damages for trespass, a plaintiff is entitled to nominal damages for this tort (see Kronos, Inc. v AVX Corp., 81 NY2d 90, 95 [1993]; Shiffman v Empire Blue Cross & Blue Shield, 256 AD2d 131 [1998]; Ligo v Gerould, 244 AD2d 852, 853 [1997]; Long Is. Airports Limousine Serv. Corp. v Northwest Airlines, 124 AD2d 711, 714 [1986]). The defendant's reliance on Every Drop Equal Nutrition v ABC, 5 AD3d 536 [2004], is misplaced. There, the plaintiff made no claim for nominal damages and its complaint, unlike the pleading at bar, alleged only damages to its reputation as a consequence of the trespass (see Costlow v Cusimano, 34 AD2d 196, 201 [1970]). Accordingly, we reinstate the second cause of action. Florio, J.P., Townes, Crane and Rivera, JJ., concur.