■ MICHAEL KAMALIAN, Respondent, v READER'S DIGEST AS-SOCIATION, INC., et al., Appellants. [814 NYS2d 261]—

In an action to recover damages for libel and slander, the defendants appeal from an order of the Supreme Court, Orange County (McGuirk, J.), dated March 8, 2005, which denied their motion to dismiss the complaint pursuant to CPLR 3211 (a) (1), (7), and (g), or, in the alternative, for summary judgment dismissing the complaint pursuant to CPLR 3211 (c), and for an attorney's fee and costs pursuant to Civil Rights Law § 70-a.

Ordered that the order is modified, on the law, by deleting the provision thereof denying the motion and substituting therefor a provision granting those branches of the motion which were to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7) and denying as academic those branches of the motion which were to dismiss the complaint pursuant to CPLR 3211 (g) and for summary judgment pursuant to CPLR 3211 (c); as so modified, the order is affirmed, with costs to the defendants, and the complaint is dismissed.

The plaintiff, an orthopedic surgeon, commenced this action to recover damages for allegedly libelous statements made in an article entitled, "Dangerous Doctors—When medical boards don't do their job, patients pay the price," written by the defendant Derek Burnett, and published in the defendants' *Reader's Digest* magazine. The headline on the cover of the magazine read, "Doctors' Deadly Mistakes." The subject article reported that, "state medical boards aren't doing enough to protect the public from inept or dangerous doctors," and featured four doctors, including Dr. Kamalian, to illustrate the consequences of the "lack of safeguards protecting the public."

The article reported that Kamalian paid out more than $4.6 million on "a string of claims that stretch back to 1982," and that he "has faced twice as many charges of malpractice as his peers, on average." After reciting Kamalian's malpractice history, the article questioned, "Shouldn't his history be a concern to the state medical board?" Further, Burnett allegedly made a slanderous statement to a reporter for the *Times Herald Record* that, "[Dr. Kamalian] represents a physician whose practice is questioned within his community."

Whether particular words are reasonably susceptible of a defamatory meaning is to be resolved by the court in the first instance (*see Golub v Enquirer/Star Group,* 89 NY2d 1074 [1997]; *James v Gannett Co.,* 40 NY2d 415, 419 [1976]; *Gjonlekaj v Sot,* 308 AD2d 471 [2003]). The court must look at the content of the entire communication, its tone and apparent purpose, to determine whether a reasonable person would consider it as conveying facts about the plaintiff (*see Gjonlekaj v Sot, supra* at 473; *see also Brian v Richardson,* 87 NY2d 46 [1995]; *Gross v New York Times Co.,* 82 NY2d 146, 152 [1993]).

Contrary to Kamalian's contentions, the statements challenged were not reasonably susceptible of a defamatory meaning, but rather, constituted pure opinion, and thus were constitutionally protected (*see Immuno AG. v Moor-Jankowski,* 77 NY2d 235, 243 [1991], *cert denied* 500 US 954 [1991]; *Steinhilber v Alphonse,* 68 NY2d 283, 289-290 [1986]; *Larchmont Professional Fire Fighters Assn. v Larchmont/Mamaroneck Volunteer Ambulance Corps,* 206 AD2d 507, 508 [1994]). A pure opinion is a statement of opinion which is accompanied by a recitation of the facts upon which it is based or does not imply that it is based upon undisclosed facts (*see Steinhilber v Alphonse, supra* at 289; *Howlett v Bloom,* 239 AD2d 389, 390 [1997]). The expressions of opinion in the article were adequately supported by a recitation of the facts upon which they were based, and did not imply that they were based on undisclosed facts (*see Balderman v American Broadcasting Cos.,* 292 AD2d 67 [2002]; *Shinn v Williamson,* 225 AD2d 605 [1996]; *Guarneri v Korea News,* 214 AD2d 649 [1995]; *Albano v Sylvester,* 222 AD2d 472, 473 [1995]; *Hollander v Cayton,* 145 AD2d 605, 606 [1988]).

Further, the headline, "Doctors' Deadly Mistakes," when read and evaluated in conjunction with the text it precedes, was a fair index of the article (*see Mondello v Newsday, Inc.,* 6 AD3d 586, 587 [2004]; *Von Gerichten v Long Is. Advance,* 202 AD2d 495 [1994]; *Schermerhorn v Rosenberg,* 73 AD2d 276, 286-287 [1980]).

Moreover, the recitation of Kamalian's malpractice history upon which the article was based was substantially true. Truth is a complete defense to a libel action (*see Chinese Consol. Benevolent Assn. v Tsang,* 254 AD2d 222, 223 [1998]; *Love v Morrow & Co.,* 193 AD2d 586 [1993]).

In sum, those branches of the defendants' motion which were to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7) should have been granted, the alternative branches of the motion which were for dismissal of the complaint pursuant to

CPLR 3211 (g) or for summary judgment pursuant to CPLR 3211 (c) denied as academic, and the complaint dismissed.

The parties' remaining contentions are without merit. Miller, J.P., Crane, Luciano and Rivera, JJ., concur.