Udell v NYP Holdings, Inc. (2019 NY Slip Op 01250)





Udell v NYP Holdings, Inc.


2019 NY Slip Op 01250


Decided on February 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2016-04738
 (Index No. 1251/15)

[*1]Bernard Udell, et al., appellants, 
v
NYP Holdings, Inc., et al., respondents, et al., defendants.


Bernard H. Udell, named herein as Bernard Udell, Brooklyn, NY, appellant pro se and for appellant Bernadette Bayne.
Davis Wright Tremaine LLP, New York, NY (Laura R. Handman and Eric J. Feder of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for libel and defamation, the plaintiffs appeal from an amended order of the Supreme Court, Queens County (Valerie Brathwaite Nelson, J.), entered April 13, 2016, which, in effect, granted that branch of the motion of the defendants NYP Holdings, Inc., Christina Carrega-Woodby, and Ellis Kaplan which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
The plaintiffs, Bernard Udell and Bernadette Bayne, are married. Udell is an attorney in private practice and Bayne is a Justice of the Supreme Court, Kings County. In July 2014, the plaintiffs commenced this action in response to an article published in the New York Post on June 2, 2014, entitled "Judge's hubby takes space for prisoner van." The complaint alleged, inter alia, that the defendant NYP Holdings, Inc., the publisher of the New York Post, published a false and defamatory article portraying both plaintiffs as having knowingly placed the public in danger for their own benefit when Udell, one day in late May 2014, parked a vehicle carrying judicial license plates in a "special area" behind the Queens County Courthouse that was used for law enforcement vehicles transporting prisoners to and from the courthouse. Thereafter, NYP Holdings, Inc., Christina Carrega-Woodby, the author of the article, and Ellis Kaplan, the photographer (hereinafter collectively the Post defendants), moved, pre-answer, pursuant to CPLR 3211(a)(1) and (7), to dismiss the complaint insofar as asserted against them. The Post defendants contended that the article was substantially true, that any alleged defamatory implications were contrived, and that the statements of the two sources cited in the article were nonactionable expressions of opinion. The Supreme Court, in effect, granted that branch of the Post defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them. The plaintiffs appeal.
" The elements of a cause of action for defamation are (a) a false statement that tends to expose a person to public contempt, hatred, ridicule, aversion, or disgrace, (b) published without privilege or authorization to a third party, (c) amounting to fault as judged by, at a minimum, a negligence standard, and (d) either causing special harm or constituting defamation per se'" (Stone v Bloomberg L.P., 163 AD3d 1028, 1029, quoting Greenberg v Spitzer, 155 AD3d 27, 41). Where [*2]the plaintiff is a private person, but the content of the article is arguably within the sphere of legitimate public concern, the publisher of the alleged defamatory statements cannot be held liable unless it " acted in a grossly irresponsible manner without due consideration for the standards of information gathering and dissemination ordinarily followed by responsible parties'" (Stone v Bloomberg L.P., 163 AD3d at 1029, quoting Chapadeau v Utica Observer-Dispatch, 38 NY2d 196, 199). A public official, such as a judge, cannot recover for a defamatory statement about his or her official conduct in the absence of proof of actual malice (see New York Times Co. v Sullivan, 376 US 254, 284; Rinaldi v Holt, Rinehart & Winston, 42 NY2d 369, 379; Greenberg v Spitzer, 155 AD3d at 41).
Truth is an absolute defense to a defamation action, and the test to determine whether a statement is substantially true " is whether [the statement] as published would have a different effect on the mind of the reader from that which the pleaded truth would have produced'" (Greenberg v Spitzer, 155 AD3d at 41, quoting Fleckenstein v Friedman, 266 NY 19, 23). A libel action will fail even where a substantially true statement contains minor inaccuracies (see Love v Morrow & Co., 193 AD2d 586, 587). As only statements alleging facts can be the subject of a defamation action, " [a]n expression of pure opinion is not actionable, . . . no matter how vituperative or unreasonable it may be'" (Greenberg v Spitzer, 155 AD3d at 42, quoting Steinhilber v Alphonse, 68 NY2d 283, 289). "The question is not whether there is an isolated assertion of fact; rather, it is necessary to consider the writing as a whole, including its tone and apparent purpose, as well as the overall context of the publication, to determine whether the reasonable reader would have believed that the challenged statements were conveying facts about the plaintiff" (Stolatis v Hernandez, 161 AD3d 1207, 1210; see Kamalian v Reader's Digest Assn., Inc., 29 AD3d 527, 528). Thus, "[i]n determining whether a complaint states a cause of action to recover damages for defamation, the dispositive inquiry is whether a reasonable listener or reader could have concluded that the statements were conveying facts about the plaintiff" (Goldberg v Levine, 97 AD3d 725, 725).
We agree with the Supreme Court's determination to, in effect, grant that branch of the Post defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them. In considering the article as a whole, the statements attributed to an unnamed source and to the president of the Supreme Court Officers' union were general statements about the judiciary such that a reasonable reader would have concluded that he or she was reading opinions, not facts, about the plaintiffs (see Silverman v Daily News, L.P., 129 AD3d 1054, 1055; Kamalian v Reader's Digest Assn., Inc., 29 AD3d 527). Moreover, Udell did not challenge the accuracy of the quotation attributed to him where he admitted, in essence, that he parked where he should not have parked. Specifically, he stated, in sum and substance, that he usually asked for permission to park in the subject area but on that day, he did not receive permission because "no one was around."
The article, read as a whole, is based upon nonactionable substantially true statements and statements of opinion (see Silverman v Daily News, L.P., 129 AD3d at 1055; Stepanov v Dow Jones & Co., Inc., 120 AD3d 28). To the extent the plaintiffs contend that statements in the article impart defamatory inferences, the complaint fails to "make a rigorous showing that the language of the communication as a whole can be reasonably read both to impart a defamatory inference and to affirmatively suggest that the author intended or endorsed that inference" (Stepanov v Dow Jones & Co., Inc., 120 AD3d at 37-38). Finally, the headline of the article, when read and evaluated in conjunction with the text it precedes, was a fair index of the article (see Kamalian v Reader's Digest Assn., Inc., 29 AD3d at 528).
DILLON, J.P., COHEN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court