Golan v Daily News, L.P. (2023 NY Slip Op 01586)

Golan v Daily News, L.P.

2023 NY Slip Op 01586

Decided on March 23, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 23, 2023

Before: Renwick, A.P.J., Friedman, Scarpulla, Mendez, Rodriguez, JJ. 

Index No. 151135/22 Appeal No. 17568 Case No. 2022-04522 

[*1]Yuval Golan, Plaintiff-Appellant,
v
Daily News, L.P., et al., Defendants-Respondents.

Law Office of Richard A. Altman, New York (Richard A. Altman of counsel), for appellant.
Miller Korzenik Sommers Rayman LLP, New York (Matthew A. Leish of counsel), for respondents.

Order, Supreme Court, New York County (Lori S. Sattler, J.), entered on or about October 3, 2022, which granted defendants' motion to dismiss the complaint and awarded defendants attorneys' fees pursuant to Civil Rights Law § 70-a(1)(a), unanimously affirmed, without costs.
The court correctly determined that a news article published by defendants reporting on allegations that plaintiff, a real estate developer, took advantage of vulnerable homeowners by paying them less than fair market value for the homes in gentrifying neighborhoods was privileged under Civil Rights Law § 74. The article contained fair and true accounts of the judicial proceedings brought against plaintiff (see Gillings v New York Post, 166 AD3d 584, 586 [2d Dept 2018]).
Plaintiff was not defamed by implication because, contrary to plaintiff's contention, nothing in the article, headline, or subheadline suggested that he was a criminal (Stepanov v Dow Jones & Co., Inc. 120 AD3d 28, 37-38 [1st Dept 2014]). Furthermore, the headline and subheadlines were fair indices of the article and, therefore, were not actionable (see Mondello v Newsday, Inc., 6 AD3d 586, 587 [2d Dept 2004]; Gunduz v New York Post Co. 188 AD2d 294, 294-295 [1st Dept 1992]).
Plaintiff's contentions challenging the constitutionality of the anti-SLAPP statute are raised for the first time on appeal, and we decline to address then.
The court properly granted defendants attorneys' fees under Civil Rights Law § 70-a(1)(a) (see Aristocrat Plastic Surgery P.C. v Silva, 206 AD3d 26, 32 [1st Dept 2022]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 23, 2023