| Delaney v RELX, Inc. |
|---|
| 2025 NY Slip Op 31237(U) |
| April 10, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 154424/2024 |
| Judge: Paul A. Goetz |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    HON. PAUL A. GOETZ                     PART                    47

                                    *Justice*

---------------------------------------------------------------------X

ANDREW DELANEY,

                             Plaintiff,

               - v -

RELX, INC. D/B/A LEXISNEXIS USA, PORTFOLIO MEDIA, INC.

                        Defendants.

---------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 154424/2024 |
| MOTION DATE | 12/18/2024, 12/18/2024 |
| MOTION SEQ. NO. | 002 003 |

## DECISION + ORDER ON MOTION

The following e-filed documents, listed by NYSCEF document number (Motion 002) 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 77

were read on this motion to/for                DISMISSAL                    .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76

were read on this motion to/for                SANCTIONS                 .

In this defamation action, defendants move pursuant to CPLR § 3211(g) and 3212(h) to dismiss the complaint (MS #2) arguing that the alleged defamatory statements are substantially true and are protected by New York's "fair and true" report of judicial proceedings privilege. Plaintiff separately moves (MS #3) for sanctions based on allegedly frivolous conduct by defendants for filing a second motion to dismiss. [1]

---

[1] In a prior motion (MS #1) defendants, RELX Inc. d/b/a LexisNexis USA and Portfolio Media Inc moved to dismiss the complaint By decision and dated October 10, 2024 the motion was granted in part (NYSCEF Doc No 41). The libel claims arising out of alleged libelous statements in paragraphs 1, 2, 3, 4, 5, and 8 in the complaint were dismissed because, this is the 5th suit plaintiff has filed against defendants and in the prior actions the claims based on those statements had already been dismissed with prejudice. However, the statements in paragraphs 6 and 7 of the complaint had not been dismissed with prejudice so were not subject to *res judicata* dismissal. The complaint was also dismissed as against RELX Inc. d/b/a LexisNexis USA, as it was a parent company not liable for statements made by its subsidiary and co-defendant.

Defendant has notes that plaintiff filed a 6th suit against defendants, now in New Hampshire based on some of the same statements that have been dismissed with prejudice multiple times (NYSCEF Doc No 84).

**154424/2024   DELANEY, ANDREW vs. RELX, INC. D/B/A LEXISNEXIS USA ET AL**          **Page 1 of 4**
  Motion No.  002 003

1 of 4

As a preliminary matter while plaintiff is correct that pursuant to CPLR § 3111(e), no more than one motion to dismiss shall be permitted, here defendants alternatively move for summary judgment pursuant to CPLR § 3212(h) [2]. Accordingly, plaintiff's motion for sanctions will be denied.

The two statements plaintiff's libel claims are based on are: (1) the headline of an article published by defendants that states: "Fla. Atty Denies Attempt to Extort Toyota, Wilmer Hale."; and (2) a statement in that article stating, "A Florida attorney has denied trying to extort Toyota Motor Corp. and its law firm, WilmerHale, over alleged wrongful termination of his client, saying accusations of demanding $450,000 and threats to disclose confidential information that were revealed in a state court lawsuit were false and defamatory."

"Truth is a complete defense to a libel action" (*Kamalian v Reader's Digest Ass'n, Inc.*, 29 AD3d 527, 528 [2d Dept 2006]). In determining falsity, "the court must examine not only the particular words claimed by the plaintiff to be defamatory but the entire communication in which those words appeared (*Ava v NYP Holdings, Inc.*, 64 AD3d 407, 413 [1st Dept 2009]). "The common law of libel overlooks minor inaccuracies and concentrates upon substantial truth" meaning that a statement is non-actionable, even if it is technically false, unless it results in a material change to the meaning if the statement, which leads to a different effect on the mind of the reader than the truth would (*Masson v New Yorker Mag., Inc.*, 501 US 496, 497 [1991]). In short, "[m]inor inaccuracies do not amount to falsity so long as the substance, the gist, the sting, of the libelous charge be justified." (*id*. at 517).

---

[2] As for plaintiff's argument that the Minnesota action was a summary judgment motion, and thus this motion must be because New York does not allow multiple summary judgment motions, as explained in the October 10, 2024 decision and order, the Minnesota decision was not a summary judgment decision because it made no substantive determinations on the merits of plaintiff's claims.

**154424/2024   DELANEY, ANDREW vs. RELX, INC. D/B/A LEXISNEXIS USA ET AL**    **Page 2 of 4**
  **Motion No.  002 003**

2 of 4

Plaintiff argues that the statements are libelous because they imply that plaintiff was sued by his former employer, HC2, for extortion. Plaintiff was sued by HC2 for breach of contract, and within that complaint, HC2 alleged that plaintiff and his attorney threatened to disclose confidential information unless he was offered a payout (NYSCEF Doc No 52 at ¶ 1). Defendants correctly argue that both statements are true, because plaintiff's former attorney did file a defamation suit against HC2, in which he alleges that the allegations that he tried to extort HC2 were libelous (NYSCEF Doc No 54). While, plaintiff may take issue with the use of the word "extort" and the implication that he was being sued for extortion, reading the entire article clarifies that "HC2 accused Delaney of breach of contract in a 2020 suit filed in New York federal court, seeking to prevent him from disclosing confidential information, including attorney-client Information, obtained over the course of reviewing Toyota's documents" (NYSCEF Doc No 51). Further, it is true that plaintiff's former attorney sued HC2 alleging that HC2's claim that plaintiff and his attorney attempted to "carry[] out [a] scheme to extort a significant payment" was libelous (NYSCEF Doc No 54 at ¶ 17). Accordingly, summary judgment will be granted to defendant's and the action will be dismissed.

*Attorney's Fees*

Civil Rights Law § 70-a(1)(a) states "costs and attorney's fees shall be recovered upon a demonstration, … that the action involving public petition and participation was commenced or continued without a substantial basis in fact and law and could not be supported by a substantial argument for the extension, modification or reversal of existing law." Having found that plaintiff's action involves a public petition, and that the plaintiff has failed to establish that its defamation claims have a substantial basis in fact or law, defendants are entitled to reasonable attorney's fees associated with defending this action.

**154424/2024   DELANEY, ANDREW vs. RELX, INC. D/B/A LEXISNEXIS USA ET AL**
**Motion No.  002 003**

**Page 3 of 4**

Accordingly it is,

ORDERED that defendants' motion (MS#2) for summary judgment is granted and the complaint is dismissed in its entirety, with costs and disbursements to defendants as taxed by the Clerk of the Court, and the Clerk is directed to enter judgment accordingly in favor of defendants; and it is further

ORDERED that plaintiff's motion (MS #3) for sanctions is denied; and it is further

ORDERED that pursuant to Civil Rights Law § 70-a(1)(a) defendants are entitled to their reasonable attorney's fees associated with this action; and it is further

ORDERED that defendants shall submit an affirmation in support of their request for reasonable attorneys' fees within 20 days of entry of this order via NYSCEF and via e-mail to SFC-Part47-Clerk@nycourts.gov ; and it is further

ORDERED that any opposition to the request shall be submitted within 10 days thereafter.

20250410161626PGOETZ3839B9EA01914F6A9EE07571A53E3326

| 4/10/2025 | PAUL A. GOETZ, J.S.C. |
|-----------|----------------------|
| DATE | |

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | |
|------------|---|---------------|---|---|----------------------|---|
| | X | GRANTED | | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**154424/2024   DELANEY, ANDREW vs. RELX, INC. D/B/A LEXISNEXIS USA ET AL**          **Page 4 of 4**
**Motion No.  002 003**

4 of 4