■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. TYLER TOU-LON, Appellant.— Appeal from a judgment of the County Court, Kings County, convicting appellant of robbery in the first degree, and from each and every intermediate order therein made. Judgment unanimously affirmed. No opinion. No separate appeal lies from the intermediate orders, which have been reviewed on the appeal from the judgment of conviction. Present — Nolan, P. J., Wenzel, Beldock, Ughetta and Kleinfeld, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PETER VIL-LANI, Appellant.— Appeal from a judgment of the Court of Special Sessions of the City of New York, Borough of Brooklyn, convicting appellant of assault in the third degree and sentencing him to serve 30 days, with execution suspended during good behavior, and from said sentence. Judgment unanimously affirmed. No opinion. No separate appeal lies from the sentence which has been reviewed on the appeal from the judgment of conviction. Present — Nolan, P. J., Wenzel, Beldock, Ughetta and Kleinfeld, JJ.

■ EL RENA L. SCHOELLES, Appellant, v. NATHAN ZAUSMER et al., Respondents.— In an action for money loaned to respondents, the appeal is from an order granting a motion under section 190-a of the Civil Practice Act to remove said action to the Surrogate's Court, Nassau County. Order reversed, with $10 costs and disbursements, and motion denied, without costs. It appears from the complaint that respondents are also executors of a decedent's estate. The amended answer alleges that the loans were made under an agreement that the estate would be liable for payment thereof and that the estate has made payment to the appellant. It further appears that two other proceedings involving the same parties are pending in said Surrogate's Court and for that reason the issues raised in this action might be heard conveniently in the Surrogate's Court. However, the transactions here in suit are those of living persons, there being no allegation or claim of any transaction with the decedent. The Surrogate's Court is without jurisdiction to adjudicate actions at law for recovery of common debts or to enforce ordinary contract obligations. (Surrogate's Ct. Act, § 40; *Matter of Thomas*, 235 App. Div. 450; *Matter of Noel*, 246 App. Div. 740; *Lesser* v. *Ringelheim*, 1 A D 2d 843, motion for leave to appeal denied 1 A D 2d 905; *Matter of Trevor*, 309 N. Y. 389.) Nolan, P. J., Murphy, Ughetta and Hallinan, JJ., concur; Beldock, J., dissents and votes to affirm, with the following memorandum: Although the original action at law could not be commenced in the Surrogate's Court, that does not mean that the Supreme Court law action could not be transferred for trial to the Surrogate's Court in a proper case pursuant to section 190-a of the Civil Practice Act. (5 Warren's Heaton on Surrogates' Courts, § 473.) The majority admits that the issues raised in this action may be conveniently adjudicated in the Surrogate's Court. In my opinion, the order granting the transfer was a proper exercise of discretion.