In the Matter of the Estate of JOHN JEMZURA, Deceased. GEORGE JEMZURA, as Administrator of the Estate of JOHN JEMZURA, Deceased, et al., Respondents; KATHERINE GRIFFIN, Appellant.—Appeal from an order of the Surrogate's Court of Madison County, entered October 19, 1977, which denied appellant's motion to dismiss petitioner's application to compel performance of an alleged agreement between the children of the decedent. John Jemzura died intestate on May 9, 1963, leaving four children as his sole distributees. At the time of his death, decedent owned 90 acres of improved real property which were encumbered by a mortgage in the face amount of $10,000 held by his son, George Jemzura. In 1964, George assigned this mortgage to his brother, Raymond. In the month of June, 1970, Raymond commenced an action in the Supreme Court, Madison County, to foreclose the mortgage naming his brother, George, and his sisters, Julia Gorton and Katherine Griffin, as parties defendant. Julia then conveyed her interest in the property to her sister, Katherine. George defaulted in answering the complaint, and appeared at the trial as a witness for the plaintiff. Katherine Griffin thus became the only real defendant. The case eventually reached the Court of Appeals which determined that Raymond was entitled to foreclose the mortgage, and that the balance due thereon was $9,200 (*Jemzura v Jemzura,* 36 NY2d 496). The property was sold on December 8, 1975, pursuant to the judgment of foreclosure and sale, for $32,100. Surplus money proceedings were thereafter held. George and Raymond Jemzura were found to have waived their proportionate shares of the surplus moneys. It should be noted that petitioner has never sought to sell the decedent's property to pay any debts of the estate, and, in addition, has not attempted to prove that any such debts existed (SCPA 1902). Katherine Griffin then assigned her interest in the surplus moneys to her attorney, Joe Schapiro, which assignment was recorded in the Madison County Clerk's Office on June 2, 1976. On January 13, 1977, the county treasurer paid Joe Schapiro the surplus moneys assigned to him. On April 19, 1976, George Jemzura petitioned the Surrogate's Court for a decree granting letters of administration in his father's estate to him, asserting that there were surplus moneys as a result of the mortgage foreclosure which belonged to the estate. Katherine Griffin filed objections to the petition asserting that there were no assets in the estate warranting the appointment of an administrator, and that the surplus moneys, if any, were not moneys of the estate, but moneys of the respective heirs. By letter dated June 17, 1976, the Chief Clerk of the Surrogate's Court advised George Jemzura that letters of administration would be issued to him upon his filing of a security bond in the amount of $10,000. Neither Katherine Griffin nor her attorney were advised of this decision. On January 3, 1977, letters of administration were issued to George Jemzura. On January 18, 1977, George Jemzura petitioned the Surrogate's Court for an order enforcing an alleged agreement between himself and his brother and sisters, which provided that if he paid all of the bills and expenses of his father, that they would assign any interest in the property or money of his father to him. It was also alleged that he had paid the sum of $5,012.75 for funeral, doctor and hospital bills, and that he had assigned this agreement to his brother, Raymond. The petition also alleged that Raymond was entitled to the sum

of $11,700 for home and domestic care of the father from February 1, 1961 to May 1, 1963, pursuant to an agreement with the father, which had been overheard by George Jemzura. An order was sought requiring Raymond, Julia and Katherine to carry out their terms of the agreement and assign all property rights as agreed to in 1963 and 1964. Citations on this petition were issued on January 24, 1977, returnable on February 14, 1977, but service was not completed, since Julia and Katherine were out of town. New citations were issued on May 11, 1977, returnable on June 1, 1977. On June 1, 1977, Julia and Katherine appeared and moved to dismiss the petitions on the ground that: (1) there was no legal basis for the appointment of an administrator since there were no assets to administer; (2) the relief requested would exceed the court's jurisdiction under SCPA 201; and (3) the citations were not timely served in accordance with SCPA 301. The Surrogate's Court denied the motion. Appellant, Katherine Griffin, now contends that: (1) the issuance of letters of administration is improper when there are no assets to administer; (2) the Surrogate's Court lacks the jurisdiction to render the relief requested; and (3) the service of a citation in excess of 60 days after the filing of the petition is not timely and confers no jurisdiction. It does not appear that appellant filed a notice of appeal from the order awarding letters of administration, and the court will not, therefore, consider the issue concerning the granting of letters of administration. The Surrogate's Court has jurisdiction over "all matters relating to the affairs of decedents" (SCPA 201, subd 3). Such jurisdiction "relates to matters affecting estates of decedent, but not to matters which are independent thereof" (*Isaacs v Isaacs*, 208 App Div 61, 62). Since the main relief sought in the petition of January 17, 1977 was specific performance of an agreement, the Surrogate's Court does not have jurisdiction (*Matter of Goelet*, 28 AD2d 149; see *Schoelles v Zausmer*, 2 AD2d 979; 10 Carmody-Wait 2d, NY Prac, § 70.25). Upon the death of John Jemzura, intestate, on May 9, 1963, title to the real property owned by him passed to his four children, as tenants in common, and the real property did not become an asset of the estate subject to administration. This was recognized since the foreclosure action brought by Raymond named his brother and sisters as parties defendant. No attempt was made to have an administrator appointed for the purpose of defending the action. The real property, not being an asset of the estate, and the surplus moneys arising out of the foreclosure sale were not part of the estate, but belonged to the owners of the equity of redemption, and it appears that the surplus moneys were so distributed. The alleged agreement herein is alleged to have been made in 1963-1964. No attempt is made to set an approximate date in 1963. John Jemzura died on May 9, 1963, and the impact of the 1963-1964 date is that the alleged agreement was made after his death and after title had passed to the four children. Under such circumstances, the alleged agreement is an agreement between living persons as to the disposition of their property and does not involve the administration of the father's estate. The alleged agreement being between living persons, the Surrogate's Court had no jurisdiction to adjudicate the existence of the agreement or to enforce same (*Schoelles v Zausmer*, 2 AD2d 979, *supra*). It is, therefore, not necessary to consider the issue of timely service of the citation. The order appealed from must, therefore, be reversed. Order reversed, on the law and the facts, and petition dismissed, without costs. Sweeney, J. P., Staley, Jr., Main, Larkin and Mikoll, JJ., concur.