■ THOMAS L. SCOTT, Respondent, v ROBERT COOPER, Appellant. [625 NYS2d 661] —In an action to recover damages for defamation, the defendant Robert Cooper, appeals from an order of the Supreme Court, Suffolk County (Seidell, J.), dated August 5, 1994, which denied his motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action, or, in the alternative, pursuant to CPLR 3211 (c) for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Thomas L. Scott, the chief of police of East Hampton, commenced this action to recover damages for allegedly defamatory statements made by the defendant Robert Cooper, a town councilman in East Hampton, to two local newspapers. In the two newspaper articles, the defendant accused the plaintiff, inter alia, of misconduct regarding his official duties, racial discrimination, coverups of criminal activities, and corruption in managing the police department of East Hampton.

It is well settled that on a motion to dismiss a complaint for failure to state a cause of action pursuant to CPLR 3211 (a) (7), the complaint is to be liberally construed accepting all the facts alleged in the complaint to be true and affording the plaintiff the benefit of every possible favorable inference (see,

*Leon v Martinez,* 84 NY2d 83, 87; *Rotanelli v Madden,* 172 AD2d 815, 816). The criterion is whether the plaintiff has a cause of action and not whether he may ultimately be successful on the merits *(see, Stukuls v State of New York,* 42 NY2d 272, 275; *Detmer v Acampora,* 207 AD2d 475; *Greenview Trading Co. v Hershman & Leicher,* 108 AD2d 468, 470).

Applying these principles to the case at bar, we find that the Supreme Court properly denied the defendant's motion. We agree that the defendant's statements were reasonably susceptible of defamatory meaning since it is well established that a statement is actionable if it tends to disparage a person in his profession. Thus, the Supreme Court properly denied that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7) *(see, Aronson v Wiersma,* 65 NY2d 592, 594).

We further note that the statements did not constitute personal opinion since they reasonably appeared to contain assertions of objective fact which do not fall within the scope of protected opinion *(see generally, Immuno AG. v Moor-Jankowski,* 77 NY2d 235, 243, *cert denied* 500 US 954). There is also a question of fact concerning whether the statements were made with actual malice or ill will so as to preclude dismissal of the complaint based on a qualified privilege *(see generally, Liberman v Gelstein,* 80 NY2d 429; *Toker v Pollak,* 44 NY2d 211). In view of the foregoing, the court properly denied the branch of the defendant's motion which was for summary judgment pursuant to CPLR 3211 (c).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Balletta, Copertino and Hart, JJ., concur.