■ LEWIS M. WASSERMAN, Respondent, v PAUL HALLER, Appellant. [627 NYS2d 456] —In an action to recover damages for defamation, the defendant Paul Haller appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Lama, J.), entered September 2, 1993, as denied his motion pursuant to CPLR 3211 (a) (7) and (g) to dismiss the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Lewis Wasserman, an attorney hired by the Eastport School District, commenced this action to recover damages for allegedly libelous statements made by the defendant Paul Haller in four letters he wrote which were published in a letters to the editor section of the local weekly newspaper. The defendant, a self-described community activist, moved to dismiss the action pursuant to CPLR 3211 (a) (7) and (g).

The letters to the editor were reasonably susceptible of a defamatory meaning and did not constitute personal opinion since they reasonably appeared to contain assertions of objective fact which do not fall within the scope of protected opinion *(see generally, Immuno AG. v Moor-Jankowski,* 77 NY2d 235, 243, *cert denied* 500 US 954; *Scott v Cooper,* 215 AD2d 368). Words which affect a person in his or her profession by imputing to him or her any kind of fraud, dishonesty, misconduct, or unfitness in conducting one's profession may be actionable *(see,*

*Scott v Cooper, supra; Four Star Stage Light. v Merrick,* 56 AD2d 767, 768). We therefore find that the plaintiff sufficiently pleaded his claim to withstand the defendant's motion to dismiss for failure to state a cause of action.

The defendant's remaining contentions are without merit. Balletta, J. P., O'Brien, Thompson and Ritter, JJ., concur.