■ ROBERT CARTER et al., Appellants, v JUNE A. VISCONTI, Respondent. [650 NYS2d 32] —In an action to recover damages for defamation, the plaintiffs appeal from a judgment of the Supreme Court, Dutchess County (Klein, J.H.O.), entered January 24, 1996, which, after a nonjury trial, is in favor of the defendant and against them dismissing the complaint and award-

ing the defendant judgment on her counterclaim for libel in the principal sum of $10,000. The plaintiffs' notice of appeal from a decision dated December 18, 1995, is deemed a premature notice of appeal from the judgment *(see,* CPLR 5520 [c]).

Ordered that the judgment is affirmed, with costs.

The plaintiffs Robert and Barbara Carter commenced this slander action based on the allegedly defamatory verbal complaint that the defendant June Visconti made to the New York State Police. Visconti reported that during her business association with the Carters, someone other than herself, endorsed checks made payable to her. Visconti told the police that she believed that Barbara Carter signed these checks which were deposited in the Carters' account.

Under New York law it is well settled that truth is an absolute defense to a libel action *(Licitra v Faraldo,* 130 AD2d 555; *Rinaldi v Holt, Rinehart & Winston,* 42 NY2d 369, *cert denied* 434 US 969). Even if a publication is not literally or technically true in all respects, the absolute defense applies as long as the publication is "substantially true" *(see, Law Firm of Daniel P. Foster, P. C. v Turner Broadcasting Sys.,* 844 F2d 955, 959, *cert denied* 488 US 994; *Fairley v Peekskill Star Corp.,* 83 AD2d 294).

In the instant case, Visconti did not sign the checks; the checks were signed by Barbara Carter. The substantial truth of Visconti's statements to the police precludes the Carters from maintaining the slander cause of action against Visconti.

The plaintiffs' remaining contentions are without merit. Thompson, J. P., Joy, Krausman and Luciano, JJ., concur.