■ GEORGE F. KEHM, Respondent, v MICHAEL MURTHA, Appellant. [730 NYS2d 243] —In an action to recover damages for defamation, the defendant appeals from so much of an order of the Supreme Court, Nassau County (Warshawsky, J.), dated October 2, 2000, as denied that branch of his motion which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the defendant's contention, he failed to establish his prima facie entitlement to judgment as a matter of law. Although truth is a complete defense to an action to recover damages for libel or slander (*see, Carter v Visconti,* 233 AD2d 473; *Han v State of New York,* 186 AD2d 536), and this defense may apply as long as the statement is "substantially true" (*Carter v Visconti, supra; see, Han v State of New York, supra*), the parties' evidentiary submissions demonstrated that there is an issue of fact as to whether the defamatory statement allegedly made by the defendant was substantially true. Furthermore, while the record establishes that the defendant's statement was a "communication made by one person to another upon a

subject in which both have a common interest" (*Liberman v Gelstein,* 80 NY2d 429, 437), in order to be protected by a qualified privilege, such a communication must be expressed "in a reasonable manner and for a proper purpose" (*Toker v Pollack,* 44 NY2d 211, 219). Under the circumstances of this case, there is an issue of fact as to whether the defendant's communication was expressed in a reasonable manner. Furthermore, even if a qualified privilege applies, there is an issue of fact as to whether the alleged statement was spoken with malice, which would defeat the privilege (*see, Liberman v Gelstein, supra,* at 437; *Toker v Pollack, supra,* at 219). Ritter, J. P., Krausman, Luciano and H. Miller, JJ., concur.