■ STEFAN BERGER, Appellant, v TEMPLE BETH-EL OF GREAT NECK et al., Respondents. [756 NYS2d 94] —In an action to recover damages for defamation, the plaintiff appeals from an order of the Supreme Court, Nassau County (Joseph, J.), dated December 14, 2001, which granted the defendants' motion, inter alia, to dismiss the complaint pursuant to CPLR 3211 (a) (1).

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The plaintiff commenced this action against several parties, including Temple Beth-El of Great Neck and its executive board, claiming that they had published a statement defaming

him to the entire congregation. In lieu of serving an answer, the defendants moved, inter alia, to dismiss the complaint pursuant to CPLR 3211 (a) (1), contending that documentary evidence established that the alleged defamatory statement was made in good faith on a topic of common interest to Temple members, and thus protected by a qualified privilege. The Supreme Court granted the defendants' motion on this ground. We reverse.

Where, as here, a defendant moves pursuant to CPLR 3211 (a) (1) to dismiss an action asserting the existence of a defense founded upon documentary evidence, the documentary evidence "must be such that it resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim" (*Trade Source v Westchester Wood Works,* 290 AD2d 437 [2002]; *see 511 W. 232nd Owners Corp. v Jennifer Realty Co.,* 98 NY2d 144, 152 [2002]; *Museum Trading Co. v Bantry,* 281 AD2d 524 [2001]). Here, the defendants' submissions in support of their motion included two affidavits which should not have been considered by the Supreme Court on a motion to dismiss pursuant to CPLR 3211 (a) (1) because they do not constitute documentary evidence (*see* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:10, at 20). Furthermore, the defendants' remaining submissions did not establish, as a matter of law, that the allegedly defamatory statement was protected by a qualified privilege because the entire congregation shared a common interest in its subject matter (*see Liberman v Gelstein,* 80 NY2d 429, 437 [1992]; *Stukuls v State of New York,* 42 NY2d 272, 279 [1977]). The proffered evidence also failed to conclusively disprove the plaintiff's claim that the statement was made with malice, which would overcome the qualified privilege (*see Liberman v Gelstein, supra; Skarren v Household Fin. Corp.,* 296 AD2d 488 [2002]). Accordingly, the Supreme Court erred in granting that branch of the defendants' motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (1).

As an alternative ground for dismissal of the complaint, the defendants argue that the Supreme Court does not have subject matter jurisdiction over this action because it involves the internal governance of a religious institution. Although the Supreme Court did not address that branch of the defendants' motion, we reach this issue now since the absence of subject matter jurisdiction is a defect so fundamental to the court's power to adjudicate a dispute that it may be raised at any stage of the action, and may not be waived (*see Lacks v Lacks,* 41 NY2d 71, 74-75 [1976]). However, we find no merit to the

defendants' jurisdictional objection. Since the instant defamation action can be settled by the application of neutral principles of law, and does not implicate matters of religious doctrine and practice, the Supreme Court may properly exercise subject matter jurisdiction (*see Jones v Wolf*, 443 US 595 [1979]; *First Presbyt. Church of Schenectady v United Presbyt. Church in U.S. of Am.*, 62 NY2d 110 [1984], *cert denied* 469 US 1037 [1984]; *Kapsalis v Greek Orthodox Archdiocese of N. & S. Am.*, 276 AD2d 595 [2000]; *Rende & Esposito Consultants v St. Augustine's R.C. Church*, 131 AD2d 740, 742 [1987]). Feuerstein, J.P., Krausman, McGinity and Mastro, JJ., concur.