■ GLEN KOTOWSKI, Appellant, v FRED HADLEY, Respondent. [833 NYS2d 103]—

In an action to recover damages for defamation, the plaintiff appeals from an order of the Supreme Court, Queens County (Grays, J.), dated April 21, 2006, which granted that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action.

Ordered that the order is reversed, on the law, with costs, and that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action is denied.

The plaintiff, the general manager of North Shore Towers Apartments, Inc., also known as North Shore Towers and County Club (hereinafter NST), a cooperative apartment complex in Queens, and also a retired police officer, commenced this action to recover damages for allegedly defamatory statements made by the defendant, a nonshareholder tenant at NST. The allegedly defamatory statements were made over the course of more than one year beginning shortly after the defendant's contract to perform certain videotaping services at NST was not renewed by the plaintiff. The statements were made primarily through e-mails that were distributed to more than 100 addressees contained on a mass distribution list maintained by the defendant (hereinafter the distribution list). The persons on the distribution list were apparently other tenants and shareholders at NST. In addition, other allegedly defamatory statements were made by the defendant at certain shareholder and tenant

meetings. The defendant moved to dismiss the complaint, inter alia, pursuant to CPLR 3211 (a) (7) for failure to state a cause of action. The Supreme Court granted that branch of the motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7) upon determining, inter alia, that the complaint insufficiently pleaded malice. We disagree.

The statements made by the defendant regarding the plaintiff's alleged illegal wiretapping of telephones at NST, violation of certain fire safety laws, and falsification of crime statistics during his former employment with the New York City Police Department, were reasonably susceptible of a defamatory meaning and did not constitute personal opinion since they reasonably appeared to contain assertions of objective fact which do not fall within the scope of protected opinion (*see Brian v Richardson*, 87 NY2d 46, 51 [1995]; *Gross v New York Times Co.*, 82 NY2d 146 [1993]; *Immuno AG. v Moor-Jankowski*, 77 NY2d 235, 254 [1991], *cert denied* 500 US 954 [1991]; *Wasserman v Haller*, 216 AD2d 289 [1995]). "Words which affect a person in his or her profession by imputing to him or her any kind of fraud, dishonesty, misconduct, or unfitness in conducting one's profession may be actionable" (*Wasserman v Haller, supra, at* 289; *see Scott v Cooper*, 215 AD2d 368 [1995]).

While the defendant and the persons on the distribution list apparently all share a "common interest" in being tenants and/or shareholders of NST, thus affording the defendant's communications protection under a qualified privilege (Restatement [Second] of Torts § 596; *see Foster v Churchill*, 87 NY2d 744, 751 [1996]; *Liberman v Gelstein*, 80 NY2d 429, 437 [1992]; *Loughry v Lincoln First Bank*, 67 NY2d 369, 376 [1986]; *Stukuls v State of New York*, 42 NY2d 272 [1977]; *Shapiro v Health Ins. Plan of Greater N.Y.*, 7 NY2d 56, 60-61 [1959]), that privilege can be overcome by a showing constitutional or common-law malice (*Foster v Churchill, supra* at 744; *Liberman v Gelstein, supra* at 438, 439).

Contrary to the defendant's contention, the complaint sufficiently pleaded malice. Specifically, the plaintiff alleged, inter alia, that certain specified communications (the content of which was contained in the complaint) were made with malice, that the defendant continued to publish them notwithstanding their falsity, and that he did so solely to discredit the plaintiff and injure the plaintiff's good name and reputation so as to cause the termination of his employment at NST. Moreover, the plaintiff had no obligation to show evidentiary facts to support these allegations of malice on a motion to dismiss pursuant to CPLR 3211 (a) (7) (*see Scott v Cooper*, 215 AD2d 368 [1995];

*Arts4All, Ltd. v Hancock,* 5 AD3d 106, 109 [2004]; *Terry v County of Orleans,* 72 AD2d 925, 927 [1979]).

Accordingly, the Supreme Court should have denied that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action. Spolzino, J.P., Skelos, Covello and Balkin, JJ., concur.