■ HENRY FLEMING, Respondent, v KAMDEN PROPERTIES, LLC, et al., Appellants, et al., Defendant. [839 NYS2d 197]—

In an action to set aside a deed on the ground of fraud in the inducement, the defendants Kamden Properties, LLC, Sampson Lewis, and Ernestine Lewis appeal from an order of the Supreme Court, Queens County (Kelly, J.), dated February 5, 2007, which denied their pre-answer motion to dismiss the plaintiff's complaint pursuant to CPLR 3211 (a) (1), (3), and (7).

Ordered that the order is affirmed, with costs.

The plaintiff, Henry Fleming, as heir to the estate of Elizabeth Jackson, commenced this action seeking to set aside a deed he executed in favor of the defendant Sampson Lewis. The plaintiff alleged that he was fraudulently induced to execute the deed by a person who was acting as the agent of the defendant Re/Max International, Inc., and who was also acting as principal of the defendant Kamden Properties, LLC. In lieu of serving an answer, the appellants moved, inter alia, to dismiss the complaint pursuant to CPLR 3211 (a) (1), (3), and (7), contending that documentary evidence established that the plaintiff had no ownership interest in the subject real property and therefore lacked standing and capacity to bring this action. The Supreme Court denied the appellants' motion. We affirm.

Where, as here, defendants move pursuant to CPLR 3211 (a) (1) to dismiss an action asserting the existence of a defense founded upon documentary evidence, the documentary evidence " 'must be such that it resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim' " (*Berger v Temple Beth-El of Great Neck*, 303 AD2d 346, 347 [2003], quoting *Trade Source v Westchester Wood Works*, 290 AD2d 437 [2002]; *see 511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 152 [2002]; *Museum Trading Co. v Bantry*, 281 AD2d 524 [2001]). Here, the appellants' submissions in support of their motion included an affidavit and a verified Surrogate's Court petition which the Supreme Court properly declined to consider on a motion to dismiss pursuant to CPLR 3211 (a) (1) because the submissions did not constitute documentary evidence (*see Berger v Temple Beth-El of Great Neck, supra; see*

*also* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:10). Furthermore, the appellants' submissions failed to establish, as a matter of law, that the plaintiff did not possess an ownership interest in the subject real property at the time he allegedly was fraudulently induced to execute the deed and convey such interest as had vested in him upon the death of his mother (*see Matter of Jemzura*, 65 AD2d 656 [1978], *affd* 52 NY2d 1067 [1981]). Accordingly, the Supreme Court properly denied that branch of the appellants' motion which was based upon CPLR 3211 (a) (7). In the absence of documentary evidence in the proper form, the Supreme Court also properly denied those branches of the appellants' motion pursuant to CPLR 3211 (a) (3) and (7) which were directly related to a finding of admissible documentary evidence. In light of our determination herein, we need not reach the appellants' remaining contentions concerning the plaintiff's notice of pendency, as they have been rendered academic. Florio, J.P., Fisher, Carni and McCarthy, JJ., concur.