GERARD MATOVCIK, Appellant, v TIMES BEACON RECORD NEWSPAPERS, Also Known as THE VILLAGE BEACON RECORD, et al., Respondents. [849 NYS2d 75]—

In an action to recover damages for libel, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Costello, J.), dated June 2, 2006, as granted that branch of the defendants' motion which was to dismiss the amended complaint pursuant to CPLR 3211 (a) (1) and (7).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was to dismiss the amended complaint pursuant to CPLR 3211 (a) (1) and (7) is denied.

On May 13, 2004 the defendants wrote and published an article in the Village Beacon Record (hereinafter the newspaper) asserting that the plaintiff, the former head of the Miller Place High School (hereinafter MPHS) English Department, had "misappropriated" funds "that came directly from the pockets of students." Specifically, the article stated that the plaintiff told students that they had to pay $5 for workbooks. However, the workbooks had already been paid for by "district taxpayers," and the plaintiff turned the money he collected into a

"slush fund for the English Department." The article asserted that the plaintiff "got away" with the misappropriation because he maintained the financial records of the English Department, and that his actions had been "discovered" by school district officials in the fall semester of 2003 when students attempted to pay their book fees directly to the MPHS principal. The article named only two specific purchases made by the plaintiff with the money he collected: an air conditioner for a teachers' room and lunches for faculty meetings.

On the same day it ran the article, the newspaper published a related piece, labeled as an editorial, which set forth the statutory definition of the crime of scheme to defraud in the second degree and then posed the following question: "When a teacher tells his students they must give him cash to pay for workbooks and spends the cash on lunches and appliances, does that fit the description above?" The editorial called for the Suffolk County District Attorney to investigate the matter. The plaintiff commenced this libel action based on the article and editorial, and the defendants moved, inter alia, to dismiss the amended complaint pursuant to CPLR 3211 (a) (1) and (7).

The Supreme Court improperly granted that branch of the defendants' motion which was to dismiss the plaintiff's amended complaint pursuant to CPLR 3211 (a) (1) and (7). "The essence of the tort of libel is the publication of a statement about an individual that is both false and defamatory" (*Brian v Richardson*, 87 NY2d 46, 50-51 [1995]). A defamatory statement is libelous per se if the statement "tends to expose the plaintiff to public contempt, ridicule, aversion or disgrace, or induce an evil opinion of him in the minds of right-thinking persons, and to deprive him of their friendly intercourse in society" (*Rinaldi v Holt, Rinehart & Winston*, 42 NY2d 369, 379 [1977], *cert denied* 434 US 969 [1977] [internal quotation marks omitted]). Additionally, a defamatory statement is libelous per se if it imputes fraud, dishonesty, misconduct, or unfitness in conducting one's profession (*see Kotowski v Hadley*, 38 AD3d 499, 500 [2007]; *Gjonlekaj v Sot*, 308 AD2d 471, 473-474 [2003]; *Wasserman v Haller*, 216 AD2d 289 [1995]).

As a general rule, on a motion to dismiss the complaint for failure to state a cause of action under CPLR 3211 (a) (7), the complaint must be construed in the light most favorable to the plaintiff and all factual allegations must be accepted as true (*see Gruen v County of Suffolk*, 187 AD2d 560, 562 [1992]). Here, the article and editorial asserted that the plaintiff engaged in misconduct in the course of his employment as a teacher at MPHS, and the plaintiff alleged in the amended complaint that

the defamatory facts set forth in the article and editorial were false (*see Brian v Richardson*, 87 NY2d at 50-51). Accepting the allegations of the amended complaint as true, the plaintiff stated a legally cognizable cause of action to recover damages for libel (*see generally Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]).

Moreover, the documentary evidence submitted by the defendants failed to establish, as a matter of law, the truth of certain facts set forth in the article and the editorial. Where, as here, the defendants move pursuant to CPLR 3211 (a) (1) to dismiss an action asserting the existence of a defense founded upon documentary evidence, the documentary evidence must be such that it resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim (*see Fleming v Kamden Props., LLC*, 41 AD3d 781 [2007]; *Martin v New York Hosp. Med. Ctr. of Queens*, 34 AD3d 650 [2006]; *M. Fund, Inc. v Carter*, 31 AD3d 620, 621 [2006]).

Truth is an absolute defense to a libel action, regardless of the harm done by the statements (*see Kamalian v Reader's Digest Assn., Inc.*, 29 AD3d 527, 528 [2006]; *Love v Morrow & Co.*, 193 AD2d 586, 587 [1993]). Even if a publication is not literally or technically true in all respects, the defense of truth applies as long as the publication is "substantially true," and minor inaccuracies are acceptable (*Kehm v Murtha*, 286 AD2d 421 [2001]; *see Carter v Visconti*, 233 AD2d 473, 474 [1996]; *Love v Morrow & Co.*, 193 AD2d at 587). The test of whether a statement is substantially true is "whether the libel as published would have a different effect on the mind of the reader from that which the pleaded truth would have produced" (*Love v Morrow & Co.*, 193 AD2d at 588 [internal quotation marks omitted]).

Here, the documentary evidence proffered by the defendants failed to establish, as a matter of law, that school district officials were unaware of the practice of collecting workbook fees until the fall of 2003 (*see generally Fleming v Kamden Props., LLC*, 41 AD3d 781 [2007]). To the contrary, the defendants' submissions provided some evidence that the practice of collecting and spending workbook funds predated the plaintiff's tenure as head of the MPHS English Department and had been condoned, accepted, and encouraged by school district administrators. A reader would be likely to view the plaintiff's actions in a different light if he or she knew that the school district had known of and sanctioned the collection practice (*cf. Love v Morrow & Co.*, 193 AD2d at 588), and the defendants failed to submit evidence sufficient to resolve all factual issues as to whether the plaintiff had collected workbook fees from the

students without the school district's knowledge, as the article asserted.

Additionally, by citing only the lunches and the air conditioner as examples of the plaintiff's purchases, the article left the reader with the impression that the plaintiff had used money collected from students to purchase items which benefitted only the faculty (*see Gatz v Otis Ford*, 262 AD2d 280, 281 [1999]). However, the documentary evidence suggested that the plaintiff spent the money largely on books and other classroom supplies used by or for the students, and this fact would have significantly altered the conclusion drawn by the reader (*cf. Rinaldi v Holt, Rinehart & Winston*, 42 NY2d at 383).

Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was to dismiss the amended complaint pursuant to CPLR 3211 (a) (1) and (7). Santucci, J.P., Krausman, Florio and Lifson, JJ., concur.