In a proceeding for the administration of a decedent’s estate, in which the administrator of the decedent’s estate petitioned pursuant to SCPA 2103 for the turnover of assets in the possession of Long Island University that allegedly belong to the decedent’s estate, the petitioner appeals from an order of the Surrogate’s Court, Suffolk County (Czygier, S.), dated July 19, 2012, which granted the motion of Long Island University to dismiss the petition pursuant to CPLR 3211 (a).
Ordered that the order is reversed, on the law, with costs, and the motion of Long Island University to dismiss the petition pursuant to CPLR 3211 (a) is denied.
This proceeding concerns a death benefit offered by the respondent Long Island University (hereinafter LIU) to be paid when an LIU administrator dies while actively employed by LIU. Here, the decedent, a long-time employee of LIU, designated her sister as the beneficiary of a group term life insurance policy, but allegedly did not make a beneficiary designation as to the LIU death benefit. Upon the decedent’s death in 2009, LIU paid the death benefit to the decedent’s sister, pursuant to LIU’s policy of paying death benefits either to a surviving spouse *839 or to the individual designated as the beneficiary of the group term life insurance policy. The administrator of the decedent’s estate petitioned for the turnover of the death benefits to the estate, alleging that LIU wrongfully refused to pay the death benefit to the decedent’s estate. According to the petitioner, pursuant to EPTL 13-3.2, in the absence of a separate beneficiary designation for the death benefit, the death benefit should have been paid to the estate, to be distributed pursuant to the rules of intestacy.
LIU moved to dismiss the petition pursuant to CPLR 3211 (a) on the grounds that documentary evidence established a complete defense to the petition (see CPLR 3211 [a] [1]), that the claims in the petition were barred by payment (see CPLR 3211 [a] [5]), and that the petition failed to state a cause of action (see CPLR 3211 [a] [7]). LIU relied on, inter alia, a brochure entitled Benefits at a Glance, a 1977 beneficiary designation form, and an affidavit and a transcript of deposition testimony of LIU’s Director of Employee Benefits. The Surrogate’s Court granted the motion, concluding that documentary evidence established a complete defense to the petition, and that LIU’s payment of certain monies barred the claims against it. The petitioner appeals.
“A motion to dismiss pursuant to CPLR 3211 (a) (1) will be granted only if the ‘documentary evidence resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff’s claim’ ” (Fontanetta v John Doe 1, 73 AD3d 78, 83 [2010], quoting Fortis Fin. Servs. v Fimat Futures USA, 290 AD2d 383, 383 [2002]; see Leon v Martinez, 84 NY2d 83, 88 [1994]; Berger v Temple Beth-El of Great Neck, 303 AD2d 346, 347 [2003]). The Surrogate’s Court should not have considered an affidavit and a transcript of deposition testimony submitted by LIU in determining whether the petition should have been dismissed, as neither qualifies as documentary evidence (see Fontanetta v John Doe 1, 73 AD3d at 85; Berger v Temple Beth-El of Great Neck, 303 AD2d at 347). In addition, neither the brochure, nor the beneficiary designation form, conclusively established that the beneficiary of the death benefit was to be determined by reference to the life insurance beneficiary designation form. In addition, LIU’s submissions did not establish the defense of payment as a matter of law and, thus, it was error to grant LIU’s motion on that ground (see CPLR 3211 [a] [5]; Parkoff v Stavsky, 109 AD3d 646, 647 [2013]).
Accordingly, the Surrogate’s Court should have denied LIU’s motion to dismiss the petition.
Rivera, J.P, Chambers, Austin and Duffy, JJ., concur.