Trump Vil. Section 4, Inc. v Bezvoleva (2018 NY Slip Op 03389)





Trump Vil. Section 4, Inc. v Bezvoleva


2018 NY Slip Op 03389


Decided on May 9, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
SANDRA L. SGROI
JEFFREY A. COHEN, JJ.


2015-09788
 (Index No. 509277/14)

[*1]Trump Village Section 4, Inc., et al., respondents,
v
Yuliya Bezvoleva, etc., et al., appellants, et al., defendants.


Weil, Gotshal & Manges LLP, New York, NY (James W. Quinn, Kevin F. Meade, Maia Pelleg, Jessica K. Weigel, and Richard Gage of counsel), for appellants.
Daniel S. Szalkiewicz, New York, NY, for respondents.



DECISION & ORDER
In an action to recover damages for defamation, the defendants Yuliya Bezvoleva, also known as Julia Bezvoleva, and Inna Yeselson appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Mark I. Partnow, J.), dated August 10, 2015, as denied their motion pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendants Yuliya Bezvoleva, also known as Julia Bezvoleva, and Inna Yeselson which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them to the extent that it was based on the statements quoted in paragraphs 53 and 55 of the complaint, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff Trump Village Section 4, Inc. (hereinafter Trump Village), is a cooperative corporation that owns apartment buildings in Brooklyn. At the time of commencement of this action, the plaintiff Igor Oberman was the president and chairman of the board of directors of Trump Village, and the defendants Inna Yeselson and Yuliya Bezvoleva, also known as Julia Bezvoleva (hereinafter together the defendants), were shareholders of Trump Village.
The plaintiffs commenced this action to recover damages for defamation alleging that the defendants, among others, authored and published defamatory statements about the plaintiffs on a website. The defendants moved pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them for failure to state a cause of action. The Supreme Court denied the motion, and the defendants appeal.
On a motion to dismiss pursuant to CPLR 3211(a)(7), the pleading must be afforded a liberal construction, the facts alleged are presumed to be true, the plaintiff is afforded the benefit of every favorable inference, and the court is to determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87; Rodriguez v Daily News, L.P., 142 AD3d 1062, 1063). Thus, on a motion to dismiss pursuant to CPLR 3211(a)(7) we consider only "whether any reading of the complaint supports the defamation claim" (Davis v Boeheim, 24 NY3d 262, 272; see Silsdorf v Levine, 59 NY2d 8, 12). "Whether a plaintiff can ultimately establish [*2]its allegations is not part of the calculus" (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19).
The defendants contend that their alleged statements were not actionable because they constituted pure opinion. "Since falsity is a necessary element of a defamation cause of action and only facts' are capable of being proven false, it follows that only statements alleging facts can properly be the subject of a defamation action'" (Gross v New York Times Co., 82 NY2d 146, 152-153, quoting 600 W. 115th St. Corp. v Von Gutfeld, 80 NY2d 130, 139; see Davis v Boeheim, 24 NY3d at 268). Thus, "[a]n expression of pure opinion is not actionable, . . . no matter how vituperative or unreasonable it may be" (Steinhilber v Alphonse, 68 NY2d 283, 289). Factors weighing on whether a statement is pure opinion are "(1) whether the specific language in issue has a precise meaning which is readily understood; (2) whether the statements are capable of being proven true or false; and (3) whether either the full context of the communication in which the statement appears or the broader social context and surrounding circumstances are such as to signal . . . readers or listeners that what is being read or heard is likely to be opinion, not fact" (Brian v Richardson, 87 NY2d 46, 51 [internal quotation marks omitted]; see Davis v Boeheim, 24 NY3d at 270).
Here, the allegedly defamatory statements set forth in paragraphs 53 and 55 of the complaint—which asserted, among other things, that Oberman was "attempting insult of American laws & freedom" and was attempting to "destroy Trump Village 4 and sell our buildings to the highest bidder after we are bankrupt"—constituted nonactionable expressions of opinion. The statements set forth in paragraphs 53 and 55 were not easily understandable, were largely incapable of being proven true or false, and, in context, signaled to the average reader that the statements were opinion, not fact. Therefore, the Supreme Court should have granted that branch of the motion which was to dismiss the complaint insofar as asserted against the defendants to the extent that it was based on the statements set forth in those two paragraphs (see LeBlanc v Skinner, 103 AD3d 202, 213).
However, the Supreme Court properly denied those branches of the motion that related to the remainder of the statements identified in the complaint. Even if a reader could interpret those statements as pure opinion, "taking the words in their ordinary meaning and in context, [they are] also susceptible to a defamatory connotation'" (Davis v Boeheim, 24 NY3d at 272, quoting Seeney v Prisoners' Legal Servs. of N.Y., 146 AD2d 1, 4).
We reject the defendants' contention that the allegations of defamation fail to state a cause of action because their statements were protected by qualified privileges, and insufficient facts were alleged to show that they spoke with malice necessary to defeat those privileges (see generally Stukuls v State of New York, 42 NY2d 272). Since "the burden does not shift to the nonmoving party on a motion made pursuant to CPLR 3211(a)(7), a plaintiff has no obligation to show evidentiary facts to support [his or her] allegations of malice on [such] a motion'" (Sokol v Leader, 74 AD3d 1180, 1182, quoting Kotowski v Hadley, 38 AD3d 499, 500). Here, to the extent that the defendants' statements may be shielded by any qualified privileges, the allegations of malice that were set forth in the complaint and in an affidavit submitted by Oberman preclude dismissal of the complaint insofar as asserted against the defendants for failure to state a cause of action (see CPLR 3211[a][7]; Kamchi v Weisman, 125 AD3d 142, 158-159; Colantonio v Mercy Med. Ctr., 115 AD3d 902, 902-903; Sokol v Leader, 74 AD3d at 1182; Kotowski v Hadley, 38 AD3d at 500).
We agree with the Supreme Court that the Communications Decency Act (47 USC § 230) did not warrant dismissal of the complaint at this juncture. A defendant is "immune from state law liability if (1) it is a provider or user of an interactive computer service'; (2) the complaint seeks to hold the defendant liable as a publisher or speaker'; and (3) the action is based on information provided by another information content provider'" (Shiamili v Real Estate Group of N.Y., Inc., 17 NY3d 281, 286-287, quoting 47 USC § 230[c][1]). "[I]f a defendant service provider is itself the content provider,' it is not shielded from liability" (Shiamili v Real Estate Group of N.Y., Inc., 17 NY3d at 289, quoting 47 USC § 230[c][1]). Here, the plaintiffs alleged that the defendants authored the defamatory statements, which would mean that the defendants were content providers within the meaning of the statute (cf. Shiamili v Real Estate Group of N.Y., Inc., 17 NY3d at 290). If that allegation is true, as we must assume for purposes of this motion, the Communications Decency Act does not shield the defendants from liability for defamation.
The plaintiffs' quotation of allegedly defamatory language in the complaint set forth "the particular words complained of" (CPLR 3016[a]). Moreover, "[i]f it appear[s] from affidavits submitted in opposition to [the] motion . . . that facts essential to justify opposition may exist but cannot then be stated,' a court may, in the exercise of its discretion" deny the motion, allowing the moving parties to assert the objection in their responsive pleading (Goel v Ramachandran, 111 AD3d 783, 788, quoting CPLR 3211[d]; see CPLR 3211[d]). Here, the Supreme Court providently exercised its discretion in denying dismissal as to the defendants at this stage of the action based on the plaintiffs' failure to plead authorship and publication dates with greater particularity (see Cantor v Levine, 115 AD2d 453, 454; Ramsay v Mary Imogene Basset Hosp., 113 AD2d 149, 152; cf. Halmar Corp. v Hudson Founds., 212 AD2d 505, 506).
The parties' remaining contentions either need not be reached in light of our determination or are without merit.
MASTRO, J.P., ROMAN, SGROI and COHEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court