| |
|---|
| **Mendez v Primitive Christian Church** |
| 2025 NY Slip Op 30432(U) |
| January 31, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 951399/2021 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. HASA A. KINGO**                      PART                 5M

_____
                                                         *Justice*

-----------------------------------------------------------------------X

WILLIAM MENDEZ,

                                  Plaintiff,

                    - v -

THE PRIMITIVE CHRISTIAN CHURCH, SPANISH
EASTERN DISTRICT OF THE CHRISTIAN AND
MISSIONARY ALLIANCE, ASSEMBLIES OF GOD
NATIONAL YOUTH MINISTRIES, THE GENERAL
COUNCIL OF THE ASSEMBLIES OF GOD, NATIONAL
ROYAL RANGERS MINISTRIES, JOSEPH E. CASTRO

                                  Defendant.

-----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 951399/2021 |
| MOTION DATE | 12/09/2024 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 53, 54, 55, 56, 57, 58, 59, 60, 61, 67, 68, 69, 70, 78, 81

were read on this motion to                    DISMISS                    .

Defendants, The General Council of the Assemblies of God ("GCAOG"), Assemblies of God National Youth Ministries ("AOGNYM"), and National Royal Rangers Ministries ("NRRM") (collectively, "Movant-Defendants"), move pursuant to CPLR § 3211(a) for an order dismissing the complaint on the grounds that: (i) Plaintiff fails to state a cause of action; (ii) Movant-Defendants are not proper parties; and (iii) the court lacks jurisdiction. Plaintiff opposes the motion, arguing that Movant-Defendants exert substantial control over their affiliated churches and programs and should be held liable.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff commenced this action on August 13, 2021, asserting claims of negligence against all named Defendants. Movant-Defendants filed the instant motion to dismiss on July 15, 2022, supported by affidavits from Donna L. Barrett and Barry Black, arguing for dismissal based on ecclesiastical independence and lack of corporate connection. Plaintiff opposed the motion on July 29, 2022, asserting that Movant-Defendants maintain hierarchical control over affiliated churches and programs, thereby establishing a sufficient legal nexus for liability.

Briefing on the motion was completed after Plaintiff filed a motion to amend the complaint. Movant-Defendants, in their reply on the motion to dismiss, argued that the amendment would not

**951399/2021   MENDEZ, WILLIAM vs. THE PRIMITIVE CHRISTIAN CHURCH ET AL**            **Page 1 of 5**
**Motion No.  002**

1 of 5

cure the deficiencies in the complaint, thereby indicating agreement that the motion to dismiss should be applied to the amended complaint as the operative pleading at issue here.[1]

## ARGUMENTS

Movant-Defendants assert that GCAOG, AOGNYM, and NRRM are ecclesiastical entities lacking direct control over the Primitive Christian Church, which is alleged to have been the site of Plaintiff's abuse. They argue that AOGNYM and NRRM are mere programs, not legal entities, and that GCAOG's oversight is strictly spiritual, without administrative or operational control over local churches. Relying on their Constitution and By-Laws, they contend that local assemblies retain full autonomy.

Plaintiff argues that Movant-Defendants exert significant control over affiliated churches and their youth programs, including leadership appointments, credentialing, disciplinary actions, and funding structures. Plaintiff highlights specific provisions in GCAOG's governing documents demonstrating hierarchical authority, including mandatory adherence to doctrine, program oversight, and direct financial contributions. Plaintiff asserts that such control establishes a sufficient basis for liability and that the motion is premature, as discovery has not been completed.

## DISCUSSION

On a motion to dismiss for failure to state a cause of action under CPLR § 3211 (a)(7), courts afford the pleadings a liberal construction, accept the facts as alleged in the complaint as true, and give the plaintiff the benefit of every possible favorable inference (*Leon v Martinez*, 84 NY2d 83, 87 [1994]; *JF Capital Advisors, LLC v Lightstone Group*, LLC, 25 NY3d 759, 764 [2015]). Dismissal is warranted only where "documentary evidence conclusively establishes a defense to the asserted claims as a matter of law" (*Leon*, 84 NY2d at 87, *supra*). Ordinarily, the court's inquiry is limited to assessing the legal sufficiency of the plaintiff's pleadings; accordingly, the court's only function is to determine whether the facts as alleged fit within a cognizable legal theory (*JF Capital Advisors*, 25 NY3d at 764, *supra*).

However, where the complaint consists of bare legal conclusions with no factual specificity (*Godfrey v Spano*, 13 NY3d 358, 373 [2009]) or where the statements in a pleading are not sufficiently particular to give the court and parties notice of the transactions and/or occurrences intended to be proven (CPLR § 3013; *Mid-Hudson Val. Fed. Credit Union v Quartararo & Lois, PLLC*, 31 NY3d 1090, 1091 [2018]), the motion to dismiss should be granted. Indeed, "allegations consisting of bare legal conclusions as well as factual claims flatly contradicted by documentary evidence are not entitled to any such consideration" (*Garber v Board of Trustees of State Univ. of NY*, 38 AD3d 833, 834 [2d Dept 2007], *quoting Maas v Cornell* Univ., 94 NY2d 87, 91 [1999]). CPLR § 3013, states that "[s]tatements in a pleading shall be sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense." Thus, conclusory allegations will not suffice (*see DiMauro v Metropolitan Suburban Bus Auth.*, 105 AD2d 236, 239 [2d Dept 1984]; *Fowler v American Lawyer Media*, 306 AD2d 113, 113 [1st Dept

---

[1] Notably, a second amended complaint was filed on March 29, 2024. As Plaintiff's claims shall survive to the extent noted herein, Movant Defendants must file their answer in response to the second amended complaint.

**951399/2021   MENDEZ, WILLIAM vs. THE PRIMITIVE CHRISTIAN CHURCH ET AL**              **Page 2 of 5**
**Motion No.  002**

2 of 5

2003]; *Sheriff v Murray*, 33 AD3d 688 [2d Dept 2006]). When the allegations in a complaint are vague or conclusory, dismissal for failure to state a cause of action is warranted (*see Schuckman Realty v Marine Midland Bank, N.A.*, 244 AD2d 400, 401 [2d Dept 1997]; *O'Riordan v Suffolk Ch., Local No. 852, Civ. Serv. Empls. Assn.*, 95 AD2d 800, 800 [2d Dept 1983]). That said, a motion to dismiss under CPLR § 3211(a)(7) must be denied if the complaint states a cognizable cause of action. The court must accept the facts alleged in the complaint as true, afford the plaintiff the benefit of all favorable inferences, and determine only whether the alleged facts fit within any cognizable legal theory (*Leon*, 84 NY2d at 87-88, *supra*).

In addition, under CPLR § 302(a), a court has jurisdiction over a defendant if the entity transacts business within New York, commits a tortious act within the state, or derives substantial revenue from interstate commerce.

Here, Plaintiff alleges that Movant-Defendants maintain substantial ties to New York by coordinating youth programs, credentialing ministers, and engaging in financial transactions with local affiliates. The Appellate Division, Second Department, has held that religious entities may be subject to jurisdiction when they exert hierarchical control over local affiliates (*Berger v Temple Beth-El of Great Neck*, 303 AD2d 346, 347 [2d Dept 2003]). Thus, Movant-Defendants' claim of jurisdictional immunity is unpersuasive and denied.

As to the sufficiency of Plaintiff's complaint, Plaintiff notably alleges negligence based on Movant-Defendants' failure to supervise or discipline affiliated churches and leaders despite knowing of prior abuse allegations. Such claims are cognizable under New York law (*see DiGiorgio v. Roman Catholic Diocese of Brooklyn*, 2021 N.Y. Slip Op. 31378 [N.Y. Sup. Ct. 2021] [denying dismissal where religious entities maintained oversight of affiliated institutions]). Indeed, courts have consistently found potential liability where a religious entity exercises control over clergy or affiliated organizations (*Berger*, 303 AD2d at 347, *supra*; *Jones v. Trane*, 153 Misc.2d 822, 828-29 [N.Y. Misc. 1992]).

Moreover, any perceived deficiencies in the original complaint have been addressed in the amended complaint. Plaintiff has clarified and expanded allegations regarding Movant-Defendants' role in the governance, supervision, and oversight of the entities and individuals involved in the alleged misconduct. As such, the amended complaint provides a more detailed factual basis that strengthens the claims against Movant-Defendants (*see Sokoloff v. Harriman Estates Dev. Corp.*, 96 NY2d 409, 414 [2001] [noting that a claim should not be dismissed if the plaintiff has alleged facts that fit within any cognizable legal theory]).

Although Movant-Defendants may take umbrage with that assessment, Plaintiff correctly asserts that dismissal is premature. Discovery is necessary to determine Movant-Defendants' role in the oversight of affiliated entities. As noted in *Sharon B. v. Reverend S.*, 244 AD2d 878 (4th Dept 1997), early dismissal is inappropriate where an opportunity for discovery is warranted to evaluate a defendant's supervisory role.

Likewise, while courts must avoid entangling themselves in purely doctrinal disputes (*Serbian Eastern Orthodox Diocese v. Milivojevich*, 426 US 696 [1976]), liability for negligence is not shielded by the First Amendment where neutral principles of law apply (*First Presbyt.*

**951399/2021   MENDEZ, WILLIAM vs. THE PRIMITIVE CHRISTIAN CHURCH ET AL**          **Page 3 of 5**
**Motion No.  002**

3 of 5

*Church of Schenectady v. United Presbyt. Church in U.S. of Am.*, 62 NY2d 110, 121-22 [1984]). Here, Plaintiff's claims concern duty, negligence, and foreseeability—issues that can be adjudicated without delving into religious doctrine. The doctrine of ecclesiastical abstention does not preclude judicial review of matters that can be resolved using neutral legal principles. Courts have routinely held that they may intervene in disputes involving religious institutions when adjudicating tort claims based on secular legal standards (*Jones v. Wolf*, 443 US 595 [1979]). The courts distinguish between issues requiring interpretation of religious doctrine and those involving the enforcement of legal duties, such as the duty to prevent harm to individuals within an organization's control (*Doe v. Hartz*, 52 F. Supp. 2d 1027, 1063 [N.D. Iowa 1999]).

Here, Plaintiff alleges that Movant-Defendants failed to supervise clergy and affiliated entities despite known risks of harm. Such claims do not implicate theological questions but rather focus on the standard of care owed to individuals under well-established principles of negligence law. Moreover, the First Amendment does not provide absolute immunity to religious organizations for wrongful acts committed under their purview. The United States Supreme Court has recognized that "there is a compelling interest in protecting children from abuse, which justifies the application of neutral tort principles to religious organizations" (*Employment Div. v. Smith*, 494 US 872, 882 [1990]). The allegations in this case are consistent with this precedent, as Plaintiff does not seek to challenge religious doctrine but rather to hold Defendants accountable under generally applicable laws. Accordingly, Movant-Defendants' reliance on the ecclesiastical abstention doctrine is misplaced, and their motion to dismiss on these grounds is denied.

Additionally, it is notable here that the governing documents of GCAOG indicate direct oversight of affiliated churches. The Constitution and By-Laws establish disciplinary mechanisms, credentialing authority, and financial control over youth programs, contradicting Movant-Defendants' assertion of purely spiritual affiliation. Courts have found such structures sufficient to impose liability (*Doe v. Roman Catholic Diocese of Rochester*, 12 NY3d 764 [2009]).

Movant-Defendants' contention that documentary evidence precludes this matter from going forward is insufficient as a matter of law. In the present case, Movant-Defendants submit two affidavits as documentary evidence; however, these affidavits are insufficient to qualify as documentary evidence (*see Berger v. Temple Beth-El of Great Neck*, 303 AD2d 346, 347 [2d Dept 2003]). In *Berger*, the Appellate Division, Second Department, held that affidavits do not qualify as documentary evidence for the purpose of a motion to dismiss. The court stated, "defendants' submissions in support of their motion included two affidavits which should not have been considered by the Supreme Court on a motion to dismiss pursuant to CPLR § 3211(a)(1) because they do not constitute documentary evidence" (*Berger* 303 AD2d at 347, *supra*; *see also* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:10, at 20).

Finally, AOGNYM and NRRM argue they cannot be sued as they are not legal entities. However, New York law allows suits against unincorporated associations where representatives are properly served (*L&L Assocs. Holding Corp. v. Charity United Baptist Church*, 34 Misc. 3d 355 [Dist. Ct. Nassau County, 1st Dist. Oct. 26, 2011]; McKinney's, Religious Corporations Law §§ 2, 2–a.). Plaintiff has properly named and served these entities through their leadership. Alternatively, leave to amend to include their directors as parties is warranted under CPLR § 3025.

**951399/2021   MENDEZ, WILLIAM vs. THE PRIMITIVE CHRISTIAN CHURCH ET AL**          **Page 4 of 5**
**Motion No.  002**

4 of 5

The court has considered Movant-Defendants' remaining arguments and finds them unavailing.

For the foregoing reasons, Movant-Defendants' motion to dismiss is denied in its entirety. Plaintiff has sufficiently pleaded causes of action, and further discovery is warranted.

Accordingly, it is hereby

ORDERED that Movant-Defendants' motion to dismiss is denied in its entirety; and it is further

ORDERED that Movant-Defendants shall file an answer to the second amended complaint within 20 days of this order.

This constitutes the decision and order of the court.

| | |
|---|---|
| **1/31/2025** | 20250131124722HKINGO6CE... B546C47FDAA0DF64A4F2F32FF |
| **DATE** | **HASA A. KINGO, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | X DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**951399/2021   MENDEZ, WILLIAM vs. THE PRIMITIVE CHRISTIAN CHURCH ET AL**
**Motion No.  002**

**Page 5 of 5**

5 of 5